*Decisions will be entered under Rule 50.*

JOHN B. PAINE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 111499. Promulgated June 22, 1943.

*J. W. Townsend*, *Esq.*, for the petitioner.
*E. L. Corbin*, *Esq.*, for the respondent.

HARRON, *Judge:* The parties are agreed that the net receipts in the amount of $1,903.83 were "dividends from mines" and, as such, were in the class of receipts which, under the will of petitioner's father, were subject to the trustees' decision to treat them as income or principal of the trust. Petitioner argues that the receipts in question did not become trust income during 1938, the year of receipt, because the trustees did not make any decision in that year to treat them as income. Petitioner was entitled to receive the net income of the trust. Petitioner contends, however, that with respect to the special class of receipts from mines, etc., he had no right to receive them until the trustees made the decision, which they were authorized to make, that the receipts should fall into income.

Respondent contends that the receipts became vested in petitioner and subject to his demands as trust income at the end of 1938 upon the failure of the trustees during 1938 to add them to principal. Respondent takes the view that the trustees were obligated to exercise their discretion and make their decision within the year of the receipt because petitioner was entitled to receive the net income of the trust, and the trustees could not put off from year to year the making of their decision as to what constituted principal and income. Respondent refers to the rule that "The test of taxability to the beneficiary is not receipt of income, but the present right to receive it." *Freuler* v. *Helvering,* 291 U. S. 35.

Respondent contends that the question is whether the receipts from mines in the taxable year were "income * * * which is to be distributed currently by the fiduciary to the beneficiaries." If they were such income, they were deductible by the trustees in their return and were to be "included in computing the net income of the beneficiaries whether distributed to them or not." Sec. 162 (b), Revenue Act of 1938.

The question must be decided under the terms of the will creating the trust of which petitioner is the beneficiary. The will provided that the trustees were to pay over to a beneficiary the "net income" of the testamentary trust. The terms of the will contemplated, however, that certain kinds of receipts, to wit, "any dividends from mines or other wasting investments, and any extra or unusual dividends" should constitute a special class of receipts, and that the trustees should decide whether to treat such receipts as income or capital. The will provided that "the decision of my trustees as to what constitutes net income shall be final." It would appear to follow that until the trustees exercised

their discretion and made their decision with respect to any receipts which came within the special class, no present right could vest in the income beneficiary of the trust to receive such special receipts. The will did not require the trustees to exercise their judgment within any stated period of time. Here there was no great delay. The decision was made in the early part of the year following the payment to the trustees of the special receipts. Until the trustees made their decision, the receipts could not constitute income of the trust. The clause of the will which made a class of trust receipts subject to the trustees' discretion permitted. in our opinion, the holding of such receipts pending the making of the decision, and the receipts could not become income of the trust "which is to be distributed currently" until the trustees made their decision. The trustees did not until April 1, 1939, make their decision with respect to the special class of dividends which were received in 1938. It is held that the net amount of $1,903.83 was not income of the trust to be distributed currently during the year 1938, and that it was not required by the terms of the will to be currently distributed to the beneficiary. It was taxable to the trust in 1938, and not to petitioner.

Section 161 imposes the tax liability for trust income primarily upon the fiduciary. Section 162. however, provides for specific deductions in computing the net income taxable to the fiduciary. Under section 162 (b) income is deductible by the fiduciary "which is to be distributed currently by the fiduciaries to the beneficiaries." and the amounts so allowed as deductions shall be included in computing the net income of the beneficiaries, "whether distributed to them or not." As the amount in question was not income of the trust in 1938 which was to be currently distributed to the beneficiary, section 162 (b) does not apply here.

Section 162 (c) [1] allows deduction by the fiduciary of income which, in his discretion, may be either distributed or accumulated and which is by him "properly paid or credited during such year" to a beneficiary. None of the special receipts were credited to trust income or to petitioner during 1938. They could not properly be credited to petitioner during 1938 because the trustees had not decided in 1938 to treat the receipts as income. Section 162 (c) does not apply here.

---

[1] SEC. 162. NET INCOME.

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

(c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which. in the discretion of the fiduciary. may be either distributed to the beneficiary or accumulated. there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust which is properly paid or credited during such year to any legatee. heir, or beneficiary. but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary.

Since none of the special dividends received in 1938 were deductible by the trustees in their 1938 fiduciary return, the petitioner was not required to include the sum in question in his gross income for 1938.

Respondent's determination is reversed.

Petitioner relies on *Dorothy McBride Orthwein*, 45 B. T. A. 184. The facts there are substantially different from the facts here. and that case is not controlling in and of itself. It affords some authority for the result reached here. however, in that here we find nothing in the clause of the will placing a special class of trust income within the discretion of the trustees as characterizing such income as currently distributable immediately upon failure of the trustees to add it to principal; "nor do we find any provision directing the *immediate* addition by the trustee of the income to the principal. the failure of which would necessarily be the event automatically converting it into income to be 'distributed currently' to the beneficiaries." See page 187 of the report in the *Orthwein* case.

*Decision will be entered under Rule 50.*