*Decision will be entered under Rule 50.*

EMMA B. MALOY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 102526, 103339. Promulgated December 30, 1941.

*Ethan A. H. Shepley, Esq.*, and *Hord W. Hardin, Esq.*, for the petitioner.

*Carroll Walker, Esq.*, for the respondent.

OPINION.

LEECH: We shall dispose first of the issue of the bar of the statute of limitations raised with respect to the deficiency determined for 1935. The two trusts in question were executed by petitioner in 1916. Under them she is entitled to the income of the trust corpus for life, with remainder over to her children. The deficiency asserted arises through the increase in her income for that year by the amount of the taxable capital gain received by the trustees upon a sale of certain trust assets, the entire proceeds of which sale have been retained as corpus and the percentage of gain taxable returned by the trustee. Respondent contends that petitioner is liable for tax upon the capital gains, as well as ordinary income of the trust, by reason of control retained by her in the trust instrument. Petitioner pleads and argues that, even were respondent correct in his contention, collection of any deficiency for the year 1935 is barred by the statute of limitations.

It is admitted that the bar of the statute has fallen in so far as the year 1935 is concerned unless the circumstances shown bring the question within section 275 (c) of the Revenue Act of 1934, providing:

If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 per centum of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 5 years after the return was filed.

The question is whether petitioner has omitted from gross income an amount properly includable therein which is in excess of 25 percent of the gross income as stated in the return. It is conceded that petitioner returned gross income in the amount of $43,413.17, but respondent contends that she has omitted capital gains in the amount of $22,155.32 received by these two trusts. Petitioner argues that even if capital gains in that amount, received by the trusts, were taxable to her, as respondent contends, only that portion thereof which was to be taken into account in computing her taxable income could be said to have been omitted, and this amount is admittedly less than 25 percent of the gross income reported.

We agree with petitioner. We think it evident that the term "gross income" as used in section 275 (c), *supra*, refers to the statutory gross income required to be reported on the return. The heading, "Gross Income", on the form of the return calls for the inclusion there only of gross taxable income. That amount does not include that portion of capital gain which is not to be taken into account in computing taxable income, nor does it include nontaxable interest on Government securities. Section 275 (c) refers to the omission from gross income of an amount "properly includible therein", which manifestly does not cover the nontaxable portion of the capital gain realized by the trusts, even if such gain was income to petitioner.

We hold that the assessment and collection of a deficiency for the year 1935 are barred.

In reference to the issues raised with respect to the years 1936 and 1937, the three trusts executed by petitioner, two of them in 1916 and the third in 1925, carried provisions which respondent contends empowered the petitioner, grantor, to revoke within the purview of section 166 of the Revenue Act of 1936, or, in any event, that she thereby retained such control over the administration of the corpus as to render her taxable on the income of each trust under section 22 (a) of the same act.

This provision, included in both of the trusts executed in 1916, reads as follows:

PROVIDED, HOWEVER, that during my lifetime they shall, when so requested by me in writing, sell any part or parts of said trust estate in the manner and for the consideration or considerations which I may in such request express, and they shall, whenever requested by me in writing so to do, invest any funds in their hands forming a part of the principal of said trust estate in the manner and by the purchase of such property as I may in such written request indicate; provided, always, that said Trustees may be able to obtain for such property to be sold the prices prescribed by me, and to purchase for the prices, and upon the terms prescribed by me, the property directed by me to be purchased, as aforesaid.

A similar provision, excepting the last proviso, was included in the trust executed in 1925. This was the only provision expressing a con-

trol retained by petitioner. By the two 1916 trusts the corpora were transferred to the St. Louis Union Trust Co. and a sister of the grantor, as trustees. The third trust deed made conveyance to that trust company as sole trustee. In each trust the trustees were granted power of management, control, conservation, sale, and reinvestment of the trust assets. In each, petitioner was made the life beneficiary of the income, with remainder over to designated parties. By subsequent indenture, dated December 30, 1935, petitioner transferred and assigned to her four children all her right, title, and interest under the trust executed by her in 1925.

For the years 1936 and 1937, the ordinary income received by the trustee under the two 1916 trusts was distributed by it to petitioner and reported in her returns for those years. The income for those years from the 1925 trust was distributed by the corporate trustee to petitioner's children in accordance with the assignment theretofore made. These children were then of age and each individually returned the income received in such distribution. In those years the trustee of each of these trusts realized certain capital gains which were retained and added by the trustee to corpus. That portion of each of such gains subject to tax was reported upon the return filed by the trustee, and tax paid thereon.

Respondent argues that the provision of the trust instrument hereinbefore set out is so broad as to reserve to petitioner the right to revest in herself the corpus of each trust by requiring the trustee to convey such corpus to her for a nominal consideration and that petitioner is accordingly liable for tax on all income, including capital gains, of each trust under section 166, *supra*. We do not agree. If such a power had been retained, it would have been of great importance. Its exercise could have nullified the trusts. No such power is expressly reserved, although had that intent existed it would have been a simple matter to retain it in definite and unmistakable language. We think no construction of this provision as including such right, when it was not explicitly reserved, could have been made without a disregard of the cardinal duty of the trustee to safeguard and conserve the corpora of these trusts in the interest of both the life tenant and the remaindermen. In *Charles T. Fisher*, 28 B. T. A. 1164, and *Percy N. Chandler*, 41 B. T. A. 165, upon which respondent relies, the grantor specifically reserved to himself the right to reacquire the trust corpus, in one case at a nominal consideration fixed and in the other at any price that he desired to pay. Those cases are thus sharply distinguishable from the present one for that as well as other reasons. We think no right to require the sale to petitioner of the corpus of the trust at prices less than its market value was retained by the quoted provision.

The trust provision now under discussion is almost identical with that considered in *Christopher L. Ward*, 40 B. T. A. 225. There, as here, possession and control of the trust corpus had been delivered by the grantor to a corporate trustee under a trust for the benefit of the grantor's wife and children. The trust instrument gave to the trustee the right to direct sales and reinvestments of trust corpus in substantially the same language as is used here. In that case, in holding that the retention of such general power to direct investments could not be construed as giving the grantor the power to reacquire the trust corpus at less than its value, we said:

> * * * The power of the petitioner to direct investments and sales of trust corpus was not a power to nullify a trust otherwise valid. Any exercise of such power to the detriment of the beneficiaries would be subject to restraint by a court of equity. A similar power in *Henry A. B. Dunning*, 36 B. T. A. 1222, was held not to require a disregard of the completed transfer to the trust and to tax the grantor on the trust income. We reach the same conclusion here.

On appeal, our decision in that case was reversed by the Third Circuit, 119 Fed. (2d) 207. The opinion of the court, however, implied no disagreement with our conclusion that the retention by the grantor of a power to direct investments did not bring that trust within section 166. The reason for the reversal was that on appeal the Commissioner, for the first time, raised the question of the applicability of section 22 (a) and, in view of the decision of the Supreme Court in *Helvering* v. *Clifford*, 309 U. S. 331, the proceeding was remanded to the Board for reconsideration by the Board to determine whether that section was applicable.

Our decision in *Christopher L. Ward, supra*, was followed by us in *John P. Wilson*, 42 B. T. A. 1260, where the facts were substantially similar. We adhere to the views expressed in those cases and hold that the trusts here involved do not come within the provisions of section 166.

Respondent argues alternatively that the income of these trusts was taxable to petitioner under section 22 (a) of the Revenue Act of 1936. We think that position, likewise, is unsound. The leading case on the point is *Helvering* v. *Clifford, supra*. The facts here bear slight resemblance to those in that case. Of the many rights and powers retained by the taxpayer in that case, only one is here reserved by the petitioner—the right to direct investments. Cf. *Commissioner* v. *Betts*, 123 Fed. (2d) 534. In the *Clifford* case the conveyance was for a short term, only, with a reversion to the grantor, while here the conveyance is for the life of the grantor, with remainder over to her children. There the grantor retained possession and control of the securities in the trust by designating himself as trustee. He specifically retained the power not only to direct investments but to reinvest the income,

and expressly exempted himself from restriction in the investment of trust funds. He retained the right to hold the securities in his own name as an individual. Moreover, the trust in that case contained other provisions restricting the rights and enjoyments of the beneficiaries in the income. Powers were there granted to the trustee, which were normally incidents of ownership.

Here the petitioner has transferred to a corporate trustee for all time the actual possession and control of the securities. Cf. *Commissioner* v. *Barbour*, 122 Fed. (2d) 165; *Commissioner* v. *Woolley*, 122 Fed. (2d) 167. She is to have only the income for life. Upon this income, for the years involved here, she has paid tax. Under the terms of the trust the corpus has passed beyond her control except as to its investment. It is impossible for her to use that corpus for her own purposes, directly or indirectly. This one power to direct investments which petitioner retained constituted no such "bundle of rights" as the Court in the *Clifford* case held to be a substantial retention of the benefits of ownership.

This leaves for consideration the issue with respect to the trust created March 20, 1935, by petitioner's sister in income of which she was the beneficiary for life. In prior years the corporate trustee of this trust had invested part of the corpus in bonds for which it paid a premium above the face of the bond. Thereafter, and in the two taxable years here, under a recognized and accepted practice in trust institutions in St. Louis, the trustee credited to the income account of the trust the interest received on the bonds, less, in each case, an amount which, over the remaining term of the bond, would equal the premium paid. These amounts, deducted in each instance from the interest received, were credited by the trustee to the corpus account. This action was taken to maintain the corpus intact and avoid a distribution of corpus to the life tenant.

In determining the deficiency, respondent, for the two years now in question, has increased petitioner's income by the amounts credited in such years by the trustee to the corpus account in the manner described. Respondent contends that these amounts constitute income distributable to petitioner and, consequently, taxable to her. He relies upon *New York Life Insurance Co.* v. *Edwards*, 271 U. S. 109, and *Commissioner* v. *Central Republic Trust Co.*, 75 Fed. (2d) 708. These were cases where the owners of bonds undertook to deduct from income, as losses, the premiums paid in their purchase of the bonds. The deduction was denied on the ground that no actual losses had yet been sustained and could not be, until the bond was either sold or redeemed.

Here, we have a different question. No loss is claimed. Our inquiry is whether the petitioner is entitled to the amounts withheld from dis-

tribution to her and credited to corpus by the trustee to restore the amount of such corpus used by him in purchasing the security. It is clearly evident that if petitioner can not now force the trustee to pay to her the sums so applied, such amounts did not constitute income to her when received by the trustee. The rule is well recognized that a trustee is under a legal duty to protect and conserve the trust assets and can not directly or indirectly distribute the corpus of the trust to the life tenant. *Claude R. Branch*, 40 B. T. A. 1044; affd., 114 Fed. (2d) 985. When the trustee invests the trust corpus in a wasting asset, this rule lays upon the trustee the obligation to withhold from distribution to the life tenant such portion of gross income as will make up this loss. Thus, the trustee may not distribute income from depreciable property without reserving and crediting to corpus the amount of such income representing the depreciation sustained. *Freuler* v. *Helvering*, 291 U. S. 35. It is recognized that the element of value in a bond, represented by the premium paid, decreases to the point where it passes out at maturity of the bond. We think, therefore, that the action of the trustee here was proper. The maintenance of the corpus in the interest of the remaindermen required it.

The petitioner is not taxable on these items of income set out in the stipulation as received by the trustee and credited to the corpus account of the several trusts.

*Decision will be entered for the petitioner.*