George Slaff v. Commissioner.
Slaff v. Commissioner
Docket No. 30464.
United States Tax Court
1953 Tax Ct. Memo LEXIS 220; 12 T.C.M. (CCH) 644; T.C.M. (RIA) 53202; June 8, 1953
George Slaff, 6875 Pacific View Drive, Los Angeles, Calif., pro se. Clayton J. Burrell, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: This proceeding is for a redetermination of a deficiency in income and victory taxes for 1943 and in income tax for 1944 in the amounts of $356.25 and $473, respectively. Two questions are presented for our decision: 1. Whether petitioner was a bona fide resident of a foreign country or countries during the period in question and thus exempt from payment of tax pursuant to section 116 of the Internal Revenue Code *221 . 2. Whether the applicable Statute of Limitations period is three years as provided in section 275 (a) of the Internal Revenue Code, or five years as provided in Section 275 (c) of the Internal Revenue Code. Findings of Fact For reasons of physical disability, petitioner, an individual, was classified by his draft board as 4-F and was refused entrance into three branches of the Armed Services in which he sought to enlist. Petitioner applied for overseas service with the American Red Cross (hereinafter called "Red Cross") and was employed by that organization in June or July 1942. He received a leave of absence from the Federal Power Commission where he held the position of principal attorney, made a complete disposition of the real property he owned in the United States, and gave up his apartment in Washington, D.C., which was the only permanent abode or residence he had maintained in the United States up to that time. Having applied for and received an American passport, he was ordered by the Red Cross to England in September 1942. He flew there as a civilian passenger on a civilian airline. From October to December 1942, he served *222 with the Red Cross in Greenock, Scotland, and lived there with a civilian family rather than at the Red Cross quarters. In December 1942, petitioner was assigned to North Africa where he served as Executive Aid or Executive Assistant to the Delegate to North Africa until October 1943. While in North Africa he had an apartment in Algiers for a time and a house for a time. From October 1943 until August 1944, petitioner served in Naples, Italy, as Director of Food Supply for the Red Cross. For the bulk of his time there, he shared an apartment with a correspondent of the National Broadcasting Company. In August 1944, petitioner was assigned to France, serving at Marseilles and Dijon until the middle of December 1944. In Dijon, he lived in an apartment. In December 1944, petitioner was returned to the United States in order to make appearances on behalf of the Red Cross. The Federal Power Commission subsequently requested petitioner to return to its service. He did so in April or May of 1945, being engaged as chief counsel in charge of a nationwide investigation of natural gas resources, a different capacity from that which he had left in 1942. Petitioner's intention upon going *223 overseas was to return to the United States after serving abroad whatever period of time might be required. He was advised by counsel that he was liable for taxes in England and France during the war, but he paid no taxes to either country. On April 28, 1947, petitioner filed his returns for the years 1943 and 1944 with the collector of internal revenue for the fifth district of New Jersey. He stated on the first page of his 1943 return under the heading "Income" the following: "American Red Cross - Overseas Sept. 1942 to Dec. 1944. Income received $3300; exempt under Section 116 I.R.C.; therefore no taxable income." After the words "Enter total here," he wrote "None." A similar statement was made in the return for 1944. Notice of deficiency was mailed by respondent to petitioner on June 19, 1950, more than three years after the returns were filed. No waiver extending the Statute of Limitations has been filed, entered into or made by petitioner or anyone acting on his behalf. Petitioner was not a bona fide resident of a foreign country or countries during either 1943 or 1944. Petitioner omitted from gross income reported for the years 1943 and 1944 *224 amounts properly includible therein which, for each of said years, are in excess of 25 per centum of the amount of gross income stated in the respective returns. Opinion The preliminary question is whether under section 275 (c) respondent had five years within which to determine a deficiency prior to the running of the Statute of Limitations. [1] This question has already been decided adversely to petitioner's contention. It is not sufficient that the receipt of the amounts in question appears on the return. "* * * Although an amount may be disclosed fully on the return, if it is not reported as a part of the gross taxable income, it is not a part of the 'gross income stated in the return' as that phrase is used in section 275 (c). *225 * * *" [M. C. Parrish & Co., 3 T.C. 119, 130-131, affd. (C.A. 5), 147 Fed. (2d) 284.] (Italics supplied.) The treatment by petitioner of the disputed item is exemplified by the following quotation from his 1944 tax return: "2. Enter your total wages, salaries, bonuses, commissions, and other compensation received in 1944, BEFORE PAY-ROLL DEDUCTIONS for taxes, dues, insurance, bonds, etc. Members of armed forces and persons claiming traveling or reimbursed expenses, see Instruction 2. PRINT EMPLOYER'S NAME American Red Cross WHERE EMPLOYED (CITY AND STATE) (Overseas Sept. 1942 to Dec. 1944) Income received $3,300; exempt under Section 116 I.R.C.; therefore no taxable income AMOUNT $ None" Enter total here The claim that such payments were exempt from income tax is at war with the assumption that the amounts are "properly includible" in his gross income. His statement necessarily results in a failure to include that amount or in fact any amount whatever in his gross income. See American Foundation Co., 2 T.C. 502; Emma B. Maloy, 45 B.T.A. 1104. Since this was petitioner's only income the conclusion *226 is inevitable that not 25 per cent but 100 per cent was omitted from gross income if the sums in question were properly includible therein. We come then to the substantive question whether the payments to petitioner were exempt because he was a resident of a foreign country during each of the years involved. This question also we regard as having been ruled upon adversely to petitioner's position. Although both parties view the question as one of fact, Charles F. Bouldin, 8 T.C. 9509 and on that approach it may be assumed that our ultimate finding disposes of the question, it is equally true that on facts not in any material respect distinguishable from those here present it was determined that the taxpayer was not a bona fide resident of a foreign country. In William B. Cruise, 12 T.C. 1059, the taxpayer, like the present petitioner, was assigned to duties abroad by the American Red Cross. Perhaps less favorably to respondent's contention in the Cruise case the petitioner there spent some three years in one assignment and claimed a possible intention of remaining abroad. Here it seems evident from the circumstances disclosed that petitioner was at all times *227 subject to instantaneous changes of assignment at the direction of the Red Cross; and he did in fact, in the approximately two years in which he was abroad, occupy four different positions in four different countries. He freely admits that his intention at all times was to return to the United States when the necessities of his Red Cross duties were terminated. In each country he was in effect "a mere transient or sojourner." Regulations 111, section 29.211-2. As in Michael Downs, 7 T.C. 1053, 1059, affd. (C.A. 9), 166 Fed. (2d) 504, certiorari denied 334 U.S. 832, "the good faith of petitioner in going over seas * * * and rendering important and essential services to the war effort cannot be questioned." But as in William B. Cruise, supra, 1063, "His actions from the time he received his Red Cross appointment clearly indicate that he belongs in the same category as other civilian workers who contributed to the war effort by accepting employment in a foreign country * * *" We view the deficiency as determined both correctly and within the statutory period of limitation. Decision will be entered for the respondent. Footnotes
1. "SEC. 275. PERIOD OF LIMITATION UPON ASSESSMENT AND COLLECTION. * * *
"(c) Omission from Gross Income. - If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 per centum of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 5 years after the return was filed."↩