Simon M. LAZARUS and Mina Lazarus

v.

The UNITED STATES.

No. 461–54.

United States Court of Claims.

July 12, 1956.

George T. Altman, Beverly Hills, Cal., for plaintiffs.

Rufus E. Stetson, Jr., Washington, D. C., with whom was Asst. Atty. Gen. Charles K. Rice, for defendant. Andrew D. Sharpe and Herbert S. Fessenden, Washington, D. C., were on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

MADDEN, Judge.

The plaintiffs, husband and wife, live in California. The income involved in this suit for the refund of taxes was community income. On or before March 15, 1950, they filed their Federal income tax return for the year 1949. It showed gross income as follows:

Salary from M & S Theater
 Corporation ............ $10,400.00
Expense allowance from M &
 S Theater Corporation ... 2,600.00
Half of capital gains amount-
 ing to $28,988.02 ........ 14,494.01
 Total ............... $27,494.01

The return showed deductions of $25,-638.58 leaving an adjusted gross income of $1,855.33, and no tax due.

On April 22, 1954, which was more than three years but less than five years after the filing of the return, the Director of Internal Revenue at Los Angeles increased the plaintiffs' gross income for 1949 by $14,494.01 and assessed a tax of $1,459.48, plus interest of $351.71. The plaintiffs paid these amounts, filed a timely claim for refund, and brought this suit.

The ground for the additional assessment was that the "Half of capital gains amounting to $28,988.02_____14,494.01" shown on the return, should not have been reported as a capital gain item, but rather as a profit made in the ordinary course of trade or business and therefore fully taxable.

 The plaintiff points to section 275(a) of the Internal Revenue Code of 1939, 26 U.S.C. (1952 Ed.), sec. 275, which says:

"(a) *General rule.* The amount of income taxes imposed by this chapter shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period."

The defendant, on the other hand, relies on section 275(c) which says:

"(c) *Omission from gross income.* If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 per centum of the amount of gross income stated in the return, the tax may be assessed * * * at any time within 5 years after the return was filed."

The decisions indicate that when the Government invokes the exception of section 275(c) to the basic three-year period of the statute of limitations, it has the burden of proving all the prerequisites to the application of the exception. Landau v. Commissioner, 21 T.C. 414. See also Jacobs v. United States, 126 F.Supp. 154, 131 Ct.Cl. 1. The courts have, we think rightly, refused to give the Government the benefit of the exception if in fact the income in question is shown on the return, though it is omitted in arriving at the amount shown on the return as gross income. Slaff v. Commissioner, 9 Cir., 220 F.2d 65, reversing id. 12 T.C.M. 644; Deakman-Wells Co. v. Commissioner, 3 Cir., 213 F.2d 894; Uptegrove Lumber Co. v. Commissioner, 3 Cir., 204 F.2d 570; Davis v. Hightower, 5 Cir., 230 F.2d 549; Hommes v. Riddell [C.C.H. 56–1 USTC par. 9385].

 The plaintiffs could not have made any plainer disclosure of their gains of $28,988.02 than they did make, without putting them directly in the income column and paying taxes on them. It is not necessary for us to decide, and we do not decide the merits of the plaintiffs' claim for capital gains treatment, but our findings show that it was at least arguable that the gains were capital gains. There being no concealment, and the Director having had full opportunity to take exception to the return within the normal statutory period, he was without authority to assess the tax in question after that period had expired.

Section 3770(a) (2) of the Internal Revenue Code of 1939, 26 U.S.C. (1952 Ed.), sec 3770, says:

"Any tax (or any interest, penalty, additional amount, or addition to such tax) assessed or paid after the expiration of the period of limitation properly applicable thereto shall be considered an overpayment and shall be credited or refunded to the taxpayer if claim therefor is filed within the period of limitation for filing such claim."

Much time and expense would have been saved if this case had been subjected to our motion procedure.

The plaintiffs are entitled to recover $1,811.19, with interest as provided by law.

It is so ordered.

JONES, Chief Judge, and LARAMORE, WHITAKER, and LITTLETON, Judges, concur.