ABBOTT L. JOHNSON AND ELIZABETH G. JOHNSON, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 68382. Filed April 30, 1959.

258

Lester M. Ponder, Esq., for the petitioners.

Bernard J. Boyle, Esq., for the respondent.

OPINION.

FISHER, *Judge:* Respondent determined deficiencies in petitioners' income tax and additions thereto as follows:

| Year | Deficiency | Additions to tax, sec. 294(d)(2)[1] |
|---|---|---|
| 1951 | $1,530.06 | $176.27 |
| 1952 | 2,342.86 | 146.73 |

The issue presented is whether the amounts of $7,722.73 and $10,790.26 received by Abbott Johnson during the years 1951 and 1952, respectively, from his employer as reimbursement for amounts expended by Johnson for travel, entertainment, and sales promotion activities on behalf of his employer are properly includible in gross income to the extent that they result in a washout, for the purpose of extending the statute of limitations under section 275(c). Since, as will appear *infra*, we hold in favor of petitioners on this issue, the remaining issues involving disallowance of deductions become moot.

All of the facts have been stipulated, and, to the extent so stipulated, are incorporated herein by this reference.

Abbott L. Johnson (hereinafter sometimes referred to as petitioner) and Elizabeth G. Johnson are husband and wife, residing in Muncie, Indiana. They filed joint individual tax returns for the taxable years ended December 31, 1951, and December 31, 1952, with the then collector of internal revenue for the district of Indiana and the director of internal revenue for the district of Indiana, respectively.

In their income tax returns for the taxable years 1951 and 1952, petitioners reported gross income in the amounts of $25,118.52 and $22,388.22, respectively.

---

[1] All statutory references are to the Code of 1939 unless otherwise specifically denoted.

Petitioners omitted interest income in the amounts of $6.41 and $3.67, respectively, from reported gross income in their tax returns for the taxable years 1951 and 1952.

In their income tax return for the year 1952, petitioners reported a net long-term gain on the sale or exchange of shares of Thermoid, Inc., in the amount of $824.80, 50 per cent thereof being $412.40. Respondent determined that petitioners had overstated their cost basis of the shares on the sale or exchange in the amount of $891.05, and, accordingly, increased the net long-term gain reported by the aforesaid $891.05, 50 per cent thereof being $445.53. Petitioners agree with respondent's determination with respect to this adjustment.

During the taxable years ended December 31, 1951, and December 31, 1952, Abbott L. Johnson was employed as president of Warner Machine Products, Inc., with its principal office and place of business at Muncie, Indiana.

In addition to the salary or wages which Warner Machine Products, Inc., paid Johnson during the year 1951, which is reported in his income tax return for that year in the amount of $16,337.60, Warner also paid Johnson the amount of $7,141.39 during the year 1951. Asbestos Company also paid Johnson the amount of $581.34 during the year 1951. The above total amount of $7,722.73 was not reported as gross income by petitioner. Petitioner contends that the above amount was received as reimbursement for amounts expended for travel, entertainment, and sales promotion activities on behalf of Warner Machine Products, Inc., and Asbestos Company.

During the year 1952, Warner Machine Products, Inc., paid Johnson the amount of $17,950.40, which is reported on his income tax return for that year. During that year, Warner paid Johnson the amount of $10,790.26, which amount was not reported as gross income by petitioner. Petitioner contends that the amount of $10,790.26 is reimbursement for amounts expended for travel, entertainment, and sales promotion activities on behalf of Warner Machine Products, Inc.

In January of 1957, prior to the expiration of the period of limitations for assessment of taxes under section 275(c) of the Code of 1939, if applicable (but subsequent to the period for assessment provided in section 275(a)), petitioner and respondent duly executed Treasury Form 872 consenting to the extension of time for the assessment of taxes for the taxable year 1951, under section 275(c), to June 30, 1958.

The period of limitation of assessment of taxes under section 275(c) for the taxable years 1951 and 1952, if applicable, had not expired prior to the issuance of the notice of deficiency on March 29, 1957.

No part of the aforesaid amounts of $7,722.73 and $10,790.26 was reported in any schedule that accompanied the income tax returns of petitioner.

Respondent determined that the entire amount of $7,722.73 was includible in petitioner's gross income for the year 1951 under section 22(a). Respondent further determined that petitioner was entitled, under the provisions of section 22(n), to a deduction in the amount of $3,893.94 from said amount of $7,722.73 in computing adjusted gross income for expenses paid by Johnson in connection with the performance of services as an employee under a reimbursement or other expense allowance arrangement with Warner and Asbestos.

Respondent determined that the entire amount of $10,790.26 was includible in petitioner's gross income under section 22(a) for the taxable year 1952. Respondent further determined that petitioner was entitled, under the provisions of section 22(n), to a deduction in the amount of $5,390.81 from said amount of $10,790.26 in computing adjusted gross income for expenses paid by Johnson in connection with the performance of services as an employee under reimbursement or other expense allowance arrangement with Warner.

During the years 1951 and 1952, Warner paid to third parties, hotel bills, travel expenses, automobile expenses, and some entertainment expenses incurred by petitioner on behalf of Warner, and none of these payments were included in the aforesaid $7,722.73 and $10,790.26.

The only issue before us is whether amounts received by a corporate executive from his employer as reimbursement for amounts expended on behalf of the employer, to the extent that they are a washout, constitute an amount properly includible in gross income under the provisions of section 275(c).

Petitioners raised, in their petition, the defense of limitations with respect to both of the years involved. Respondent, in his answer, claimed the application of section 275(c), and asserts that in accordance with the provisions thereof, limitations have not expired with respect to either year.

In arriving at what we believe to be the correct interpretation of section 275(c), we start with the critical statutory language, "omits from gross income an amount properly includible therein." We may say, at the outset, that we think it apparent that an amount is not to be deemed omitted from gross income under section 275(c) unless the taxpayer is required to include such amount in gross income on his return.

In *Emma B. Maloy*, 45 B.T.A. 1104 (1941), the issue before the Court was whether the taxpayer had omitted an amount in excess of 25 per cent of the amount of gross income reported on her return.

The taxpayer omitted the nontaxable portion of certain capital gains. She argued that even if she received taxable capital gains, only that portion thereof which was to be taken into account in computing her taxable income could be said to have been omitted. We stated our views as follows (at 1107): "We agree with petitioner. We think it evident that the term 'gross income' as used in section 275(c), *supra*, refers to the statutory gross income *required to be reported on the return*." (Emphasis supplied.)[2] Later, on the same page, we added: "Section 275(c) refers to the omission from gross income of an amount 'properly includible therein,' which manifestly does not cover the nontaxable portion of the capital gain realized by the trusts, even if such gain was income to petitioner."

Following the principles underlying the *Maloy* decision, we need not decide whether the reimbursement of expenses, to the extent that it resulted in an economic washout, is generically gross income under section 22(a). The point is that respondent has failed to establish that petitioner was required to report that amount *on his return as gross income*. Indeed, we think that respondent's official instructions published for use in preparation of income tax returns clearly lead to a contrary conclusion.

The income tax return forms filed by petitioners for the years 1951 and 1952 required that all wages, salaries, bonuses, etc., be entered on line 2. Both return forms state "Persons claiming traveling or reimbursed expenses, see instructions."

We take judicial notice of the pamphlet of official instructions for the years 1951 and 1952, issued by the Commissioner and sent or made available to millions of taxpayers. For illustrative purposes, we refer to the pamphlet for 1952, which, on this point, is almost identical with the instructions for 1951.

The front cover states, *inter alia:* "This pamphlet of official instructions will help you prepare your return. It summarizes the most important requirements of the law and regulations." Under the heading "Wages, Salaries, Etc.," the following is found:

*Travel Expenses of Employees.*—The law provides special deductions for the expenses of travel, meals, and lodging while away from home in connection with your employer's business. * * * Any amount paid to you to cover "travel expenses" must be included in your wages. You can deduct your full "travel expenses" from your wages *before writing the balance* of your wages in item 2, page 1, Form 1040. You must attach a statement to your return explaining in detail the expenses you deducted.

*Reimbursed Expenses Other Than Travel.*—If your employer pays you an "expense account" or otherwise reimburses you for money spent for him (other than "travel expenses"), you should *add these payments to your wages, and*

---

[2] The *Maloy* case was cited with approval in a similar factual situation in *United States* v. *Benedict,* 338 U.S. 692 (1950). See also *L. Glenn Switzer,* 20 T.C. 759 (1953), remanded by stipulation of the parties (C.A. 9, 1954).

*then subtract your actual expenses but not more than the reimbursements.
Enter the balance in item 2, page 1, Form 1040, and attach a detailed statement
in explanation.* * * * [Emphasis supplied.]

Thus it is clear that only the *balance* of the reimbursement over the deductible expenses was to be entered on the return in the space allotted for salaries, bonuses, etc.

It should be noted that with regard to reimbursed expenses, the instructions required that the taxpayer submit a statement explaining the deductions taken for expenses. Petitioner failed to comply with this requirement. It is our view, however, that such failure does not, of itself, extend the normal statute of limitations. In other words, it does not result in the application of section 275(c) when that section would not otherwise be applicable. It might well prompt administrative procedures which might not otherwise have occurred, but we find no authority in the statute or in the decisions supporting the view that such noncompliance, of itself, reopens an otherwise closed year.

It is thus apparent that the only gross income required to be reported on the return under the Commissioner's own official instructions is the balance or excess of the amount conceded by the Commissioner to be deductible as reimbursed expenses. Such amounts are conceded not to be in excess of 25 per cent of the gross income reported by petitioner on his returns for each of the years in question.

It follows that petitioners have not, in either of the years in question, omitted from gross income an amount properly includible therein in excess of 25 per cent of gross income stated on their returns within the meaning of section 275(c). We hold, therefore, that section 275 (c) is not here applicable to extend the normal period of limitations under section 275(a).

*Decision will be entered for petitioners.*