COMMISSIONER OF INTERNAL REVENUE, Petitioner,

v.

Abbott L. JOHNSON and Elizabeth G. Johnson, Respondents.

No. 12816.

United States Court of Appeals
Seventh Circuit.

March 23, 1960.

Charles K. Rice, Asst. Atty. Gen., Karl Schmeidler, Lee A. Jackson, Robert N. Anderson, Attys., U. S. Dept. of Justice, Washington, D. C., for petitioner.

Lester M. Ponder, Richard E. Deer, Indianapolis, Ind., Barnes, Hickam, Pantzer & Boyd, Indianapolis, Ind., of counsel, for respondents.

Before KNOCH and CASTLE, Circuit Judges, and JUERGENS, District Judge.

KNOCH, *Circuit Judge.*

The Commissioner of Internal Revenue (hereinafter called "Commissioner") petitioned for review of the decision of the Tax Court of the United States involving Abbott L. Johnson and Elizabeth G. Johnson, respondents (hereinafter called "Taxpayer").

The Commissioner determined deficiencies in taxpayer's income tax and additions thereto as follows:

| Year | Deficiency | Additions to tax, Sec. 294 (d)2 [1] |
|------|------------|-------------------------------------|
| 1951 | $1530.06 | $176.27 |
| 1952 | 2342.86 | 146.73 |

The sole issue is whether, for purposes of applying the five year period of limitations under Section 275(c) [2] of the Internal Revenue Code of 1939 the amounts of $7,722.73 and $10,790.26 received by taxpayer during the years 1951 and 1952, respectively, from his employer as reimbursement for amounts expended by taxpayer for travel, entertainment and sales promotion activities on behalf of his employer are properly includible in his gross income, or whether only the amount which exceeds allowable deductions is includible in his gross income.

All facts have been stipulated.

Taxpayer and his wife Elizabeth G. Johnson filed joint returns for taxable years 1951 and 1952 with the proper collector. The returns reflected gross income in the amounts of $25,118.52 and $22,388.22 for the respective years. Taxpayer agreed with Commissioner's determination with respect to other adjustments which in light of our holding herein are not material. During the taxable years in question, taxpayer was employed as president of Warner Machine Prod-

ucts, Inc. located at Muncie, Indiana. Taxpayer reported on his return salary from Warner in the amount of $16,337.-60 for the year 1951. He received an additional amount of $7,141.39 from Warner. Asbestos Company paid taxpayer $581.34 during 1951. The above total of $7,722.73 was not reported as gross income by taxpayer. He contends it represented a reimbursement for travel, etc. in behalf of Warner and Asbestos.

Similarly taxpayer reported for 1952 income, salary from Warner in the amount of $17,950.40. He received an additional amount of $10,790.26 from Warner as reimbursement for travel, etc., and respecting 1952 asserted the same contentions as to the 1951 return.

Prior to the expiration of the period of limitations for assessment of taxes under Section 275(c) of the Code of 1939, if applicable (but subsequent to the period for assessment provided in Section 275(a)) [3] taxpayer and Commissioner executed Treasury Form 872 consenting to the extension of time for assessment

---

1. 1939 Code, 26 U.S.C.A. § 294(d) (2).

2. "Omission from gross income.—If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 per centum of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 5 years after the return was filed."

3. Sec. 275(a) "General rule. The amount of income taxes imposed by this chapter shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period."

of taxes for 1951 under Section 275(c) to June 30, 1958.

The period of limitation of assessment of taxes under Section 275(c) for the years 1951 and 1952, if applicable, had not expired prior to notice of deficiency on March 29, 1957.

No schedules were attached to taxpayer's returns showing any part of either the aforementioned $7,722.73 or $10,790.-26. The Commissioner held all of the $7,722.73 was includible in taxpayer's gross income for 1951 under Section 22 (a) [4] and that he was entitled by virtue of Section 22(n) [5] to a deduction of $3,893.94 from the $7,722.73 in computing adjusted gross income for expenses paid by taxpayer as an employee under a reimbursement arrangement with Warner and Asbestos.

The Commissioner took the same position as to the $10,790.26 in the 1952 return and in this instance allowed a deduction in the amount of $5,390.81.

Any payments made by Warner to third parties for hotel bills and expenses incurred by taxpayer in behalf of Warner were not included in the aforementioned amounts.

The question before us is whether amounts received by the taxpayer from his employer as reimbursement for amounts expended on behalf of the employer, to the extent they are a wash-out, constitute an amount properly includible in gross income under the provisions of Section 275(c).

Taxpayer raised the defense of limitations as to both years. The Commissioner claims the application of Section 275 (c) and construes its provisions to the point that limitations have not expired as to either year.

We agree with the Tax Court in its interpretation of Sec. 275(c). As indicated, the critical statutory language is "omits from gross income an amount properly includible therein". It is apparent that an amount is not to be deemed omitted from gross income under Sec. 275(c) unless the taxpayer is required to include such amount in gross income on his return.

The position of the Tax Court is supported by the principles expressed in Emma B. Maloy, 45 B.T.A. 1104. In this case the question was whether the taxpayer had omitted an amount in excess of 25 per cent of the amount of gross

4. 22(a) *"General definition.* 'Gross income' includes gains, profits, and income derived from salaries, wages, (profits,) or compensation for personal service, of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. In the case of Presidents of the United States and judges of courts of the United States taking office after June 6, 1932, the compensation received as such shall be included in gross income; and all Acts fixing the compensation of such Presidents and judges are hereby amended accordingly. * * *" 26 U.S.C.A. § 22.

5. 22(n) *"Definition of 'adjusted gross income'.*—As used in this chapter the term 'adjusted gross income' means the gross income minus—

"(1) *Trade and business deductions.* The deductions allowed by section 23 which are attributable to a trade or business carried on by the taxpayer, if such trade or business does not consist of the performance of services by that taxpayer as an employee;

"(2) *Expenses of travel and lodging in connection with employment.* The deductions allowed by section 23 which consist of expenses of travel, meals, and lodging while away from home, paid or incurred by the taxpayer in connection with the performance by him of services as an employee;

"(3) *Reimbursed expenses in connection with employment.* The deductions allowed by section 23 (other than expenses of travel, meals, and lodging while away from home) which consist of expenses paid or incurred by the taxpayer, in connection with the performance by him of services as an employee, under a reimbursement or other expense allowance arrangement with his employer;
* * *."

income reported on her return. The taxpayer omitted that portion of certain capital gains not to be taken into account in computing her taxable income. She argued that even if she received taxable capital gains, only that portion thereof which was to be taken into account in computing her taxable income could be said to have been omitted. The Tax Court (then the U. S. Board of Tax Appeals) agreed that only the gross income required to be reported on the return could be said to have been omitted.

The Court in the Maloy case stated its views as follows (at page 1107):

"We agree with petitioner. We think it evident that the term 'gross income' as used in Sec. 275(c), supra, refers to the statutory gross income *required to be reported on the return*." (Emphasis supplied.) [6]

The same Court stated "Section 275(c) refers to the omission from gross income of an amount 'properly includible therein', which manifestly does not cover the nontaxable portion of the capital gain realized by the trusts, even if such gain was income to petitioner."

We agree with the Tax Court in following the principles underlying the Maloy decision that there is no need to decide whether the reimbursement of expenses, to the extent that it resulted in an economic washout, is generically gross income under Section 22(a). As the Court aptly put it, the point is that the Commissioner has failed to establish that taxpayer was required to report that amount on his return as gross income, adding, "Indeed we think that respondent's official instructions published for use in preparation of income tax returns clearly lead to a contrary conclusion."

The Tax Court's correct analysis of the instruction to taxpayer at the time of making returns is as follows:

"The income tax return forms filed by petitioners for the years 1951 and 1952 required that all wages, salaries, bonuses, etc., be entered on line 2. Both return forms state 'Persons claiming traveling or reimbursed expenses, see instructions.'

"We take judicial notice of the pamphlet of official instructions for the years 1951 and 1952, issued by the Commissioner and sent or made available to millions of taxpayers. For illustrative purposes, we refer to the pamphlet for 1952, which, on this point, is almost identical with the instruction for 1951.

"The front cover states, *inter alia:*

"This pamphlet of official instructions will help you prepare your return. It summarizes the most important requirements of the law and regulations.

"Under the heading 'Wages, Salaries, Etc.,' the following is found:

"*Travel Expenses of Employees.—* The law provides special deductions for the expenses of travel, meals, and lodging while away from home in connection with your employer's business. * * * Any amount paid to you to cover 'travel expenses' must be included in your wages. You can deduct your full 'travel expenses' from your wages *before writing the balance* of your wages in item 2, page 1, Form 1040. You must attach a statement to your return explaining in detail the expenses you deducted.

"*Reimbursed Expenses Other Than Travel.*

If your employer pays you an 'expense account' or otherwise reimburses you for money spent for him (other than 'travel expenses'), you should *add these payments to your wages, and then subtract your actual expenses but not more than the reimbursements. Enter the balance in item 2, page 1,* Form 1040, and attach a detailed statement in explanation. * * * (Emphasis supplied.)

"Thus it is clear that only the *balance* of the reimbursement over the

---

6. The Maloy case was cited with approval in United States v. Benedict, 1950, 338 U. S. 692, 699, 70 S.Ct. 472, 94 L.Ed. 478.

**114**

deductible expenses was to be entered on the return in the space allotted for salaries, bonuses, etc."

The taxpayer failed to comply with the instructions to attach a statement explaining deductions taken for expenses. This we believe to be of no consequence. What was omitted on the proper line of the face of the return is controlling. Ketcham v. Commissioner, 2 Cir., 1944, 142 F.2d 996, 997.

We hold as did the Tax Court that the only gross income demanded to be reported by the taxpayer for the years in question under the Commissioner's official instructions was the balance after subtracting the amount conceded by the Commissioner to be deductible as reimbursed expenses.

It is conceded these amounts do not exceed 25 per cent of the gross income reported by the taxpayer on his returns for the years 1951 and 1952.

Section 275(c) does not apply in this case to extend the period of limitations under Section 275(a).

The decision of the Tax Court is affirmed.