**Alice R. TRUE**
v.
**The UNITED STATES.**
No. 125-63.

United States Court of Claims.
Dec. 17, 1965.

Benton C. Tolley, Jr., Washington, D. C., attorney of record, for plaintiff. John E. Larson, Washington, D. C., of counsel.

Mitchell Samuelson, Washington, D. C., with whom was Acting Asst. Atty. Gen., Richard M. Roberts, for defendant. C. Moxley Featherston, Lyle M. Turner,

and Philip R. Miller, Washington, D. C., of counsel.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS and COLLINS, Judges.

LARAMORE, Judge.

This is an action for the refund of gift taxes plus interest assessed as deficiencies in 1961 for the years 1951 through 1955. Plaintiff admits that the gifts were taxable, but claims that the statute of limitations bars the Commissioner from assessing taxes for years prior to 1956. Defendant asserts that the statute of limitations did not start to run until 1961 because plaintiff did not file gift tax returns in the earlier years. We hold that plaintiff was required to file returns in the years the gifts were made, and that defendant properly assessed deficiencies for the earlier years.

The facts are undisputed. In late 1950, plaintiff and her husband created three *inter vivos* trusts for the benefit of their three minor children. In 1951, and each successive year through 1959, plaintiff's husband gave $6,000 to the trustees of each trust. All gifts were reported by plaintiff's husband in his gift tax returns. Plaintiff signed every return so that she would be considered as the donor of one-half of each gift. Int.Rev.Code of 1939, § 1000(f); Int.Rev.Code of 1954, § 2513. The purpose of this plan, of course, was to qualify the gifts for tax-free treatment under the $3,000 annual exclusion provision. Int.Rev.Code of 1939, § 1003(b)(3); Int.Rev.Code of 1954, § 2503(b).

In January 1961, the defendant challenged the treatment of the gifts as "present interest" gifts. It informed plaintiff and her husband that part of each gift was a future interest and, therefore, was not entitled to annual exclusion treatment. This change created deficiencies for the years 1951 through 1959. Defendant assessed deficiencies plus interest against plaintiff's husband for the four years 1956 through 1959. Int.Rev.Code of 1954, §§ 6501(a), 6901

(c)(1). The assessement against plaintiff, however, covered all the gifts made from 1951 through 1959 on the theory that plaintiff's failure to file returns authorized assessment "at any time." Int. Rev.Code of 1939, § 1016(b)(1); Int. Rev.Code of 1954, § 6501(c)(3). On January 26, 1961, plaintiff's husband paid the asserted deficiencies plus interest and plaintiff filed delinquent returns for each year. On October 3, 1961, plaintiff filed a claim for refund of taxes and interest for 1951 through 1955. This claim was finally disallowed on October 1, 1962. Plaintiff comes here to challenge this determination.

Under section 1006(a) of the Internal Revenue Code of 1939 and section 6019 (a) of the Internal Revenue Code of 1954, any person who "makes any transfers by gift" during any calendar year is required to file a gift tax return unless the gift qualifies as a present interest valued at $3,000, or less. Plaintiff actually made no transfers to the trusts during the years in issue. She is treated as the transferor of one-half of each gift for certain purposes, however, because she "signified" her consent under the gift-splitting provisions. On the face of the statute, it appears that plaintiff might not have to file a return because the gift tax return provision (section 6019(a)) is not one of the "purposes" for which a consenting spouse will be considered to be a transferor. Section 2513(a)(1) of the 1954 Code states:

> A gift made by one spouse * * * shall, *for the purposes of this chapter*, be considered as made one-half by him and one-half by his spouse * * *. [Emphasis supplied.]

This section is part of chapter 12. Section 6019 is contained in chapter 61. The 1939 Code permits an identical analysis.

Any doubts are put to rest by the regulations, however. Section 6011 (a) of the 1954 Code authorizes the Secretary of the Treasury to issue regulations to specify who shall make returns and what forms shall be used. Plaintiff falls within the group of persons whom the Secretary may require to file gift

tax returns, because her consent makes her liable for any gift tax that may be due. Int.Rev.Code of 1954, §§ 6011(a), 2513(d). Thus, even though plaintiff might not be required to file a return as a transferor under section 6019(a), it appears that the Secretary is authorized to promulgate regulations requiring her to make a return under section 6011 (a), and any such regulations will be given extra weight as "legislative" and not just "interpretative" regulations. See Cammarano v. United States, 358 U.S. 498, 79 S.Ct. 524, 3 L.Ed.2d 462 (1959); Koshland v. Helvering, 298 U.S. 441, 56 S.Ct. 767, 80 L.Ed. 1268 (1936). See generally Surrey and Warren, Federal Income Taxation, 47–50 (1960). The Secretary has, in fact, issued such regulations both under the 1939 and 1954 Codes. Looking at the 1954 Code, we note that section 301.6011–1 of the Treasury Regulations refers us to section 301.-6019–1 which, in turn, refers to section 25.6019 of the Gift Tax Regulations. Section 86.20 of Treasury Regulations 108 under the 1939 Code is substantially the same.[1]

Section 25.6019–2 provides:

\* \* \* [T]he provisions of § 25.6019–1 [the transferor must file a return unless the gift qualifies under § 2503] are applicable with respect to the filing of a gift tax return or returns in the case of a husband and wife who consent (see § 25.2513–1) to the application of section 2513. \* \* \* [I]f after giving effect to the provisions of section 2513 the other spouse is considered to have made any gift (regardless of value) of a future interest \* \* \* then a return must also be filed by such other spouse.

Section 25.2513–1(c) contains almost identical language, and example (5) in section 25.2513–1(d) illustrates the manner in which the regulations apply. The example states:

A husband made gifts valued at $2,000 during the year to third parties which represented gifts of future interests in property (see § 25.-2503–3), and his wife made no gifts during such calendar year. *Each spouse is required to file a return.* [Emphasis supplied.]

█ The regulations could not cover our case more exactly. Nevertheless, plaintiff argues that the quoted regulations do not apply because at the time the gifts were made they were not future interest gifts—at least plaintiff did not think they were. We recognize that the future interest question was in a great state of confusion in 1950 and until 1954 when Congress set out precise rules in section 2503(c). See Commissioner of Internal Revenue v. Disston, 325 U.S. 442, 65 S.Ct. 1328, 89 L.Ed. 1720 (1945); Ryerson v. United States, 312 U.S. 405, 61 S.Ct. 656, 85 L.Ed. 917 (1941). However, plaintiff knew of the uncertainty and should have known that the gift to which she consented might subsequently be construed as a future interest gift. For this reason alone, plaintiff should have complied with sections 86.3a(b) (1) and 86.-20(b) of Treasury Regulations 108, later Treasury Regulations, section 25.2513. It is no defense to say that until 1961 the gifts were not future interest gifts. The determination in that year was retroactive; it was a determination that the 1950 trust created future interests which could not qualify for the annual exclusion.

█ Plaintiff's principal argument seems to be that defendant has erroneously applied the regulations in this case, because plaintiff has substantially complied with the purposes of the regulations. Plaintiff does not state the argument as such, but this is the substance of her position. She asserts that the pur-

---

1. The Gift Tax Regulations under the 1954 Code were promulgated in 1958. T.D. 2477, 1958–2 Cum.Bull. 627. Under section 25.0–1, these regulations are applicable to gifts made in 1955 and subse-quent years, and supersede Treasury Regulations 108 which had been applicable to the 1954 Code under T.D. 6091, 1954–2 Cum.Bull. 47.

pose of filing a return is to disclose facts, and that her action in signing her husband's return and indicating that she was not filing a return constituted full disclosure. She argues that the Internal Revenue Service had copies of the trust agreements plus the information from her husband's return, all of which gave the Service as much information as possible. In addition, she stresses that the service did nothing with this information for ten years, thereby lulling her into a false sense of security that her procedure was proper. Defendant argues that plaintiff did not comply with the purposes of the regulations. Defendant notes that because the gift tax rates are progressive over a donor's lifetime (Int. Rev.Code of 1939, § 1001; Int.Rev.Code of 1954, § 2502), a donor must inform the Service of all prior taxable gifts in order to comply with the policy of full disclosure. The facts here show that plaintiff's husband did not make the full disclosure as required by the regulations. Treas. Regs. 108, § 86.23; Treas.Regs., § 25.-6019–3. He left blank the Schedule B portion of his return which he should have completed to show his prior gifts. Moreover, no reference was made to plaintiff's prior taxable gifts totalling $154,158.61.

We agree with defendant that plaintiff did not comply with the purpose of the return requirement. The Secretary has promulgated the applicable regulations for the very purpose of getting full disclosure. For the successful administration of a self-assessment system, it is essential that taxpayers file returns containing sufficient information for the Service to determine whether an audit is necessary. The facts of this case demonstrate the need for plaintiff to file a return. She had made prior taxable gifts of over $150,000. Successive gifts would be subject to higher marginal rates. This fact might weigh heavily in the Service's auditing policy. Plaintiff complains of the Service's failure to audit sooner, but we suggest that plaintiff's own failure to comply with the regulations might well be the very reason that an audit was not made sooner. In short, we are of the opinion that the Secretary's regulations here involved are designed to elicit information from each taxpayer which will enable the audit procedure to function efficiently. We think it not only reasonable but necessary, because of the structure of the gift tax, that both husband and wife be required to file returns in the split-gift situation where future interests are involved, or possibly involved.

We do not think plaintiff's reference to Lazarus v. United States, 142 F.Supp. 897, 136 Ct.Cl. 283 (1956), and cases cited therein, helps us decide the present issue. That case involved the provision in the statute of limitations section which lengthens the limitations period against taxpayers who omit 25 percent of the gross income stated in the return. Int. Rev.Code of 1939, § 275(c); Int.Rev. Code of 1954, § 6501(e). We held that the purpose of that provision was to extend the limitations period in cases of incomplete or nondisclosure. Plaintiffs there had shown one-half of an alleged capital gain in their joint return which we concluded was sufficient disclosure of the total gain to bar the defendant from attacking the gain as an ordinary gain beyond the 3-year limitations period. By contrast, however, nothing in plaintiff's husband's gift tax return in this case showed that plaintiff had made gifts in preceding years.

Plaintiff makes a subsidiary argument that her husband's return constitutes her return under the circumstances of this case. To support this theory she cites Miller v. Commissioner of Internal Revenue, 237 F.2d 830 (5th Cir. 1956), in which the court held that a return, complete on its face, signed by a wife in her husband's name was a sufficient "return" to start the running of the limitations period. While we are impressed by the ingenuity of this argument, we are not persuaded that it can help plaintiff here. Joint returns are not part of the procedure for the collection of the gift tax. The probable reason for this is that, as noted earlier, the gift tax is progressive

over a lifetime as to individual donors. We concluded above that the Secretary's regulations are designed to promote the effective administration of the gift tax. These regulations are quite explicit, and plaintiff has not complied with them. We are loath to "construct" a return, and particularly so, where the return plaintiff asks us to construe as her return is incomplete in other respects.

On occasion, the Supreme Court has been asked to find a "constructive" return for purposes of the statute of limitations. Automobile Club of Mich. v. Commissioner of Internal Revenue, 353 U.S. 180, 77 S.Ct. 707, 1 L.Ed.2d 746 (1957); Commissioner of Internal Revenue v. Lane-Wells Co., 321 U.S. 219, 64 S.Ct. 511, 88 L.Ed. 684 (1944); Germantown Trust Co. v. Commissioner of Internal Revenue, 309 U.S. 304, 60 S.Ct. 566, 84 L.Ed. 770 (1940). In Lane-Wells, the taxpayer failed to file personal holding company tax returns as required by the regulations. The Court held that assessment of the personal holding company tax could be made at any time, notwithstanding that the taxpayer had filed corporate returns for the corporate income tax which contained much of the information required by the other return. Regarding the necessity of complying with the Commissioner's regulations on returns, the Court said at 321 U.S. 219, 223, 64 S.Ct. 511, 513:

> Congress has given discretion to the Commissioner [Int.Rev.Code of 1939, § 54(a)] to prescribe by regulation forms of returns and has made it the duty of the taxpayer to comply. It thus implements the system of self-assessment which is so largely the basis of our American scheme of income taxation. The purpose is not alone to get tax information in some form but also to get it with such uniformity, completeness, and arrangement that the physical task of handling and verifying returns may be readily accomplished.

We feel that this view is particularly applicable to this case.

In conclusion, we hold that plaintiff failed to comply with the applicable regulations by not filing a return, and that defendant, therefore, properly assessed gift taxes and interest for the years 1951 through 1955. Plaintiff is not entitled to recover on her petition. Plaintiff's motion for summary judgment is denied, and defendant's cross-motion is granted. Plaintiff's petition is dismissed.