CAROLINE GOVE DOTY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 2274.   Promulgated June 19, 1944.

*Frank J. Albus, Esq.*, for the petitioner.
*E. L. Corbin, Esq.*, for the respondent.

OPINION.

Sternhagen, *Judge*: The taxpayer was the named beneficiary of trust B, set up by the will of her mother, but she did not receive any distribution from the trust, because the trustee, in what she regarded as her proper discretion under paragraph thirteenth, determined that the amount of dividends received by the trust was an accretion to the trust property, which the trustee had the power to consider as principal, and that as principal it was not distributable to the beneficiary under paragraph fourth of the will. The taxpayer, in her return, in reliance upon this action of the trustee, omitted from her income the dividend received by the trust, and the Commissioner included the amount ($7,901.78) in her income and determined the resulting deficiency. Thus the issue here is between the Commissioner's determination under Internal Revenue Code, section 161 (a), subdivision (2), "Income which is to be distributed currently by the fiduciary to the beneficiaries," or the taxpayer's view under subdivision (4), "Income which, in the discretion of the fiduciary, may be either distributed to the beneficiaries or accumulated."

The difficulty arises from an apparent ambiguity in the will, since paragraph fourth provides that: "The income of trust B is to be paid at least quarterly to said Caroline Doty during her lifetime," and paragraph thirteenth provides that:

> the Trustees * * * shall have full power and authority to determine in all cases what accretions to the Trust property shall be considered as income and what as principal * * * and especially, without restricting the generality of the foregoing powers, to determine in case of the receipt by them of any securities, money, or other property, either by way of a stock dividend, extra dividend, or upon a reorganization or in liquidation of a corporation or organization, what portion, if any, of such securities money or property shall be considered as income and what as principal, * * * all without regard to the general rule of law on the subject.

The thirteenth paragraph thus bestows upon the trustee, not the power to determine, generally and in all instances of trust receipts, what shall be considered income and what principal, but only the power, after the duty of paying income quarterly, to determine what *accretions* to the trust property shall be considered income and what principal. This is a clear limitation upon the power to that of determining

the character of *accretions.* The word accretions as so used has no clearly defined meaning, but there are no cases which hold that it includes ordinary cash dividends on corporate stock. Cf. *Revloc Supply Co.* v. *Troxell*, 126 Atl. 774. And we can think of no reason for supposing that the testator intended the word in her will to have that meaning. *Dumaine* v. *Dumaine*, 16 N. E. (2d) 625. As to all indisputable income (and ordinary cash dividends are as a matter of law within that class), paragraph fourth provides explicitly that it shall be paid quarterly to the beneficiary; but, as to accretions, the trustee has authority to classify them as income or principal. This is a recognition by the testator of a difference between indisputable income and accretions which may be questionable, a view which is borne out by the express mention of stock dividends, extra dividends, and reorganization and liquidation distributions. Accretions may also include gains from sales. Cf. *Dumaine* v. *Dumaine*, *supra.* Had it been intended that the "generality of the powers" of the trustee included the classification of all ordinary income as principal, there would be little or no substantial meaning in the provision in paragraph fourth that the income "is to be paid" quarterly to the beneficiary. It is reasonably apparent that indisputable income, such for example as ordinary dividends or interest, is distributable quarterly to the beneficiary, and that doubtful receipts, or "accretions," such as stock dividends, extra dividends, or gains from sales, are to be classified by the trustee, in her discretion, as income or principal. The authority so to classify is limited to receipts as to which there may be "honest doubt." *American Security & Trust Co.* v. *Frost*, 117 Fed. (2d) 283.

> * * * Obviously the quoted privision in the trust instrument is not to be read so literally as to * * * deprive [the beneficiary] of all income during the life of the trust. The trustees are merely authorized to make allocations as between principal and income where the proper allocation is a matter of honest doubt. Cf. *American Security & Trust Co.* v. *Frost*, App. D. C., 117 F. 2d 283, 285, 286; 52 Harv. L. Rev. 1369. The income now involved is ordinary dividends on corporate stock. A court of equity would call the trustees to account if they undertook to treat this as principal. Under a fair reading of the trust instrument the trustees are required to pay out such income to [the beneficiary] * * * in quarterly installments. [*Commissioner* v. *O'Keeffe*, 118 Fed. (2d) 639.]

The fact that the trustee did indeed classify the dividend as principal and withhold it from distribution does not establish that this was a correct exercise of power, nor does the fact that the beneficiary failed to demand it. It is, in our opinion, nevertheless true that a court of equity would call the trustee to account for her failure to make a distribution of clear income. The power to classify the dividend as principal did not exist, and the exercise of an assumed power by withholding distribution thereof would not affect the duty to account.

The decision in *John B. Paine*, 2 T. C. 179, cited by petitioner, is not in point, for the trustees had the power in their discretion to classify a special class of receipts as capital, and the question under the tax law was as to whether before the trustees' classification the special class of income could be taxed to the beneficiary as distributable income. The decision held that it could not. There was no doubt that the income in question in that case was clearly within the trustees' power to classify, and hence no doubt as to the uncertainty of the beneficiary's right to receive it. In the instant case, we think there was no doubt from the time the trust received the ordinary dividend that it was income and the beneficiary had the right to its distribution. *Dorothy McBride Orthwein*, 45 B. T. A. 184, was a case in which the trustees were expressly given the power to determine whether the income should be distributed or added to corpus, whereas we think that the trustee in the instant case had no such power in respect of the income received by way of ordinary dividends.

It is our opinion that the $7,901.78 ordinary dividend received by the trust in 1940 was income to be distributed currently by the fiduciary to the beneficiary (sec. 161 (a) (2)), and not income which, in the discretion of the fiduciary, might be either distributed to the beneficiary or accumulated (sec. 161 (a) (4)). It is therefore properly included within the gross income of the beneficiary (sec. 162 (b)). The Commissioner's determination is sustained.

*Decision will be entered for the respondent.*