John A. DUNCAN, Appellant,

v.

UNITED STATES of America, Appellee.

Phyllis Joyce DUNCAN, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 22887, 22888.

United States Court of Appeals
Fifth Circuit.

Nov. 3, 1966.

---

1. See also Zaconick v. McKee, 5 Cir., 1962, 310 F.2d 12.

William R. Frazier, Jacksonville, Fla., for appellants.

John B. Jones, Jr., Acting Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., Edward F. Boardman, U. S. Atty., Tampa, Fla., Thomas M. Baumer, Asst. U. S. Atty., Jacksonville, Fla., Meyer Rothwacks, Edward L. Rogers, Attys., Dept. of Justice, Richard M. Roberts, Acting Asst. Atty. Gen., Dept. of Justice, Washington, D. C., James H. Walsh, Asst. U. S. Atty., of counsel, for the United States.

Before BROWN, GEWIN and GOLDBERG, Circuit Judges.

GEWIN, Circuit Judge:

This is an appeal from a decision of the United States District Court for the Middle District of Florida in two consolidated federal gift tax cases. The district court held that the taxpayers were not entitled to the $3,000 annual exclusion for gift tax purposes for gifts made to seven trusts, because the trusts, established for the benefit of the taxpayers' minor grandchildren, fail to meet the requirements of Section 2503 (c) of the Internal Revenue Code of 1954.[1] The court found that the provision of the trust instrument which directs the trustee to apply any and all available funds and assets of the trust toward the payment of premiums on life insurance creates an obstacle to the present and immediate enjoyment of the trust property by the minor beneficiaries not sanctioned by Section 2503(c).

The facts relating to the transfer of property by the taxpayers to seven inter vivos trusts are not contested and may be briefly stated. On August 1, 1961, John A. Duncan and his wife, Phyllis Joyce Duncan, (taxpayers) established seven trusts in the names of each of their seven minor grandchildren. The Duncans gave to the trustee, the Barnett National Bank of Jacksonville, Florida, policies of life insurance [2] covering each of the seven grandchildren plus $150.00 in cash and 140 shares of common stock

---

1. Section 2503, titled "Taxable Gifts", provides in pertinent part as follows:

"(a) *General Definition.*—The term 'taxable gifts' means the total amount of gifts made during the calendar year, less the deductions provided in subchapter C (Sec. 2521 and following).

(b) *Exclusions From Gifts.*—In the case of gifts (other than gifts of future interests in property) made to any person by the donor during the calendar year 1955 and subsequent calendar years, the first $3,000 of such gifts to such person shall not, for purposes of subsection (a), be included in the total amount of gifts made during such year. * * *

(c) *Transfer for the Benefit of Minor.*—No part of a gift to an individual who has not attained the age of 21 years on the date of such transfer shall be considered a gift of a future interest in property for purposes of subsection (b) if the property and the income therefrom—
(1) may be expanded by, or for the benefit of, the donee before his attaining the age of 21 years, and
(2) will to the extent not so expanded—
(A) pass to the donee on his attaining the age of 21 years, and
(B) in the event the donee dies before attaining the age of 21 years, be payable to the estate of the donee or as he may appoint under a general power of appointment as defined in section 2514(c).
(26 U.S.C.1958 ed., Sec. 2503.)"

2. In its brief and on oral argument appellant stated that these policies, issued by Connecticut General Life Insurance Company in the amount of $10,000 each, were 20-pay life insurance contracts. This fact was not disputed by the government either in its brief or on oral argument.

of the Glidden Company. The trust agreements were identical in terms with the exceptions of the name, age and address of each grandchild; and as of August 1, 1961, none of the seven grandchildren had attained the age of 21 years. On their gift tax returns for the year 1961 the Duncans claimed the $3,000 annual exclusion provided by Section 2503(b) of the Internal Revenue Code for each of the seven gifts to the grandchildrens' trusts. Upon audit, the Commissioner of Internal Revenue disallowed the claimed exclusion [3] and assessed a gift tax deficiency with accrued interest. The Duncans paid the assessments and brought suit for a refund, which was denied by the district court. We reverse.

The sole issue presented by these cases is whether the transfers of property to seven inter vivos trusts created for the benefit of minor grandchildren meet the requirements of Section 2503(c), thereby allowing the Duncans a $3,000 annual exclusion for gift tax prescribed by Section 2503(b) and (c).

Under the revenue laws existing prior to the enactment of the 1954 Code, only gifts of present interest in property could qualify for the annual gift tax exclusion.[4] In order to partially relax this future interest restriction in the case of gifts to minors, ameliorative action was taken in 1954 with the addition of Section 2503(c). This section states that a gift to a minor is not a gift of a future interest in property, if the property and the income therefrom may be expended by, or for the benefit of the minor before he attains the age of 21 and will to the extent not so expended pass to him when he reaches age 21 or to his estate if he dies prior to age 21. Therefore, Congress was removing gifts made in trust for a minor's benefit from the classification of future interest for the purpose of computing federal gift tax, if the transfer met the requirements of Section 2503(c).[5] Treasury Regulation § 25.2503-4, an interpretative aid to Section 2503(c), states at subsection (b)(1) that a transfer will satisfy the conditions of Section 2503(c) even though there is left to the discretion of the trustee the amounts of the income or property to be expended for the benefit of the minor and the purpose for which the expenditure is to be made, provided there are no substantial restrictions under the terms of the trust instrument on the exercise of such discretion.

The trust instrument in question contains a provision whereby the trustee may distribute to, or expend for the grandchild until he reaches 21, so much of the principal and income at such time and in such manner as the trustee in its sole discretion shall determine.[6] The trust agreement also provides that when the named beneficiary attains the age of 21 years, the trust shall terminate and both principal and income shall be dis-

---

3. In addition the Commissioner determined that both the value of the Glidden Company stock and the value of nine policies of life insurance transferred to two insurance trusts established by the Duncans for themselves were higher than that shown on the gift tax returns. The Duncans conceded that the Commissioner was correct in his valuation, and therefore these adjustments are not in issue.

4. Internal Revenue Code of 1939, § 1003(b)(3):
   "In the case of gifts *(other than gifts of future interests in property)* made to any person by the donor * * * the first $3,000 of such gifts to such person shall not [be taxable] * * * *" (Emphasis added)

5. For a detailed discussion of the legislative history of Section 2503(c) see Ross v. United States, 348 F.2d 577, 579-581 (5 Cir. 1965).

6. "2. (a) The Trustee may distribute to, or expend for the benefit of [named beneficiary] until he attains the age of twenty-one (21) years, so much of the principal and the current or accumulated income therefrom, at such time or times and in such manner as the Trustee in its sole discretion shall determine. Any amounts of income which the Trustee shall determine not to distribute to or expend for the benefit of [named beneficiary] may be accumulated."

tributed to the beneficiary;[7] and if the beneficiary dies before age 21, the trust property was to be paid over to his estate.[8] Under paragraph 3 of the trust instrument the trustee was given broad powers for purposes of managing and administering the affairs of the trust. It was authorized to sell at public or private sale any of the trust property, and was also granted the right to mortgage, pledge, or hypothecate, or to exchange or lease, any of the trust corpus without restriction.[9] In addition the trustee was authorized in its discretion to invest income and corpus in life insurance policies and to pay the premiums thereon.[10]

It is agreed that the trust agreement with the above provisions meets the requirements of Section 2503(c), for the instrument clearly provides for all the necessary features outlined in such section. However, the trust agreement contains one further provision, Paragraph Number 12, which is the source of the present controversy. This paragraph provides:

> "The trustee is hereby directed to apply any and all available funds and assets of this trust toward the payment of any premiums due on life insurance policies now or hereafter comprising any portion of this trust corpus."

The district court viewed paragraph 12 as a restriction on the trustee's discretionary power to expend trust property for the benefit of the minors in that such paragraph constituted an order to the trustee to expend trust property for the benefit of the minors' estate and not for their present benefit and enjoyment. Therefore, the court reasoned that the property of the trust and the income therefrom could not be expended for the benefit of the minor as required by Section 2503(c), thereby disqualifying the gift.

The taxpayers first contend that paragraph 12 does not impose any restriction whatsoever nor does it abrogate or limit the absolute discretion of the trustee. Thus the only barrier to the minor's present benefit is the sole discretion of the trustee which is a permissible restriction under Section 2503(c). As an alternative the taxpayers contend that if paragraph 12 does constitute a restriction, it is not a substantial restriction when viewed in light of the trust instrument as a whole which vests the trustee with broad powers to sell or dispose of any or all of the trust property in its sole discretion. Contrary to this second contention of the taxpayer, the government argues that the terms of paragraph 12 of the trust constitute a substantial restriction on the trustee's discretion in that it prevents the trustee from expending the trust property for the present enjoyment of the minor beneficiaries.

7. "2. (b) When [named beneficiary] attains the age of twenty-one (21) years, this Trust shall terminate, and the entire trust estate as it shall then exist, both principal and income, shall be paid and distributed to him free and discharged of all trusts."

8. "2. (c) If [named beneficiary] dies before he attains the age of twenty-one (21) years, this Trust shall terminate, and the entire trust estate as it shall then exist, with principal and income, shall be paid and distributed to his estate free and discharged of all trusts."

9. "3(b) To sell at public or private sale, to mortgage, pledge, or hypothecate, or to exchange or lease (including lease for a period extending beyond the term of this trust), any stocks, notes, securities, real estate, minerals, and other trust property, upon such terms, cash or credit, or both, as it may deem advisable."

10. "3(o) The trustee is further authorized in its discretion to invest all or any part of the income and/or corpus of this trust in purchasing a contract or contracts of insurance, including ordinary life insurance annuities or endowment policies, with such company or companies as it may determine, on the life of the income beneficiary of this trust. All details of any such contract or contracts shall be within the discretion of the Trustee, and all premiums may be paid either from income or principal, or both, and the beneficiary of such policy or policies shall be the Trust, of which the insured is the income beneficiary."

The statute and the interpretative regulation clearly provide that a gift by trust to a minor will qualify for the $3,000 tax exclusion, if the only barrier to the minor's present use, possession, or enjoyment of the trust property is the sole discretion of the trustee. However, if the terms of the trust instrument impose a substantial restriction upon the trustee's exercise of its discretion, the gift does not qualify. Therefore, we first must determine whether or not paragraph 12 constitutes any restriction on the trustee's discretion. Paragraph 12 directs the trustee to "apply any and all *available* funds and assets." We feel that the word "available" renders this paragraph nonrestrictive. Webster's Third New International Unabridged Dictionary defines "available" as capable of use for the accomplishment of a purpose; immediately utilizable; that is accessible or may be obtained; at disposal.[11] Accordingly, funds must be immediately accessible to the trustee or at its disposal in order for it to make premium payments. Whether any funds are in this category is entirely dependent upon the trustee's discretion. It and only it at its sole discretion can label any trust property as being "available." Consequently, we find that paragraph 12, even though couched in terms of an explicit order, does not limit or abrogate the trustee's discretion to expend the trust property for the present benefit of the minor grandchildren. This conclusion is strengthened by the broad and unlimited power, authority and discretion vested in the trustee in other provisions of the trust instruments.

Assuming that paragraph 12 is interpreted as imposing a restriction on the trustee's discretion, the gift will still qualify under Section 2503(c) if we find it to be an insubstantial restriction. The payment of premiums on life insurance policies is not an expenditure for the future interest of the minor or his estate,[12] nor is it an expenditure which results in no benefit, future or present, to the minor or his estate. It is an expenditure for the present and immediate benefit of the minor, because even though viewed as a mandatory direction, the trustee may at any time surrender for cash, transfer, cancel or otherwise dispose of any or all of the insurance policies. The payment of premiums keeps the policies alive and enhances their cash surrender value. Therefore even though he is obligated to pay the premiums, the trustee is merely converting a sum of money into added value in

11. The following are additional definitions of the word "available." 1 Bouv.Law Dict., Rawle's Third Revision, p. 298 states that the word means capable of being used, valid, or advantageous. Rodale in The Synonym Finder (1961) lists such definitions as suitable for use, effectual, profitable, beneficial, ready for use, at hand, convenient, at one's elbow. Roget's International Thesaurus (Third Edition, 1962) equates "available" with free, vacant, untaken and unoccupied. Mellinkoff in The Language of the Law (1963) characterizes the term "available" as one, of several, "law words and phrases which are often used because they are *flexible* or despite their *flexibility*." (Emphasis added)

12. In its brief the government argues that the payment of premiums on life insurance policies is an expenditure for future interest. The district court held, and the government quotes in support of its above argument, that the direction to pay premiums was a substantial restriction because it:

"directs the trustee to apply 'any and all available funds and assets' of the trust toward the payment of premiums on life insurance policies, which clearly are not for the *present benefit and enjoyment of the minors involved, but rather for their estates.* Such a requirement represents a form of accumulation of income contrary to the statute. The trustee, therefore, may not expend 'the property and the income therefrom' for the *benefit of the minor donee* of the trust. *The obstacle to present enjoyment* by the minor is not the sole discretion of the trustee (a legislatively sanctioned obstacle) but is the unequivocal mandate of the instrument itself which devitalizes that discretion and *requires accumulation* of any and *all available funds and assets.* Such an arrangement fails to meet the requirements of Section 2503(c) of the statute * * *" (Emphasis added)

the form of a life insurance policy, the benefits from which the minor is presently entitled to receive at the trustee's discretion.

■ We strongly feel that in construing one section of the trust, we must view the trust instrument as a whole. The direction to pay premiums does not nullify those other provisions giving the trustee sole discretion to dispose of the policies (more valuable after premiums paid) for the present benefit of the minors. Hence the order to pay premiums is not an order to remove the trust property from the possibility that it may be expended for the minor's present benefit, but the order is simply to substitute one form of trust property for another. Since all of the trust property may still be expended for the minor's present and immediate benefit, we find the direction to pay premiums to be an insubstantial restriction. This situation is vastly different from that faced by this court in Commissioner of Internal Revenue v. Thebaut, 361 F.2d 428, 429 (5 Cir. 1966). In *Thebaut* the trust instrument did not give the trustee power to expend the trust corpus for the benefit of the minors. Such a restriction on the trustee's discretion was correctly found to be substantial, because it completely prevented the trustee from expending corpus for the present benefit of the beneficiaries.

It is to be noted that Judge McRae decided this case before our decision in Ross v. United States, 348 F.2d 577 (5 Cir. 1965). *Ross* involved the question of whether a gift in trust to a minor, under a trust agreement authorizing the trustee to exercise all the powers of a guardian under Texas law, qualified for the gift tax exclusion under Section 2503(c). In *Ross* we reversed the district court, Ross v. United States, 226 F. Supp. 333 (S.D.Tex.1963), and held that Texas law which required a court order for the expenditure of corpus by a guardian and then only for the limited purposes of maintenance and education was not a restriction which would disqualify the gift. Although paragraph 12, involved in the present case, is readily distinguishable from the restriction imposed on the trustee in *Ross*, we find that such paragraph, like Texas law pertaining to guardians, does not disqualify the gift under Section 2503(c).

■ Finding that paragraph .12 does not constitute a restriction on the discretion of the trustee to expend trust property for the present benefit of the minor grandchildren, we reverse and remand the case to the district court for a computation of the amount to be refunded to the appellants and for the entry of an appropriate judgment not inconsistent with this opinion.

Reversed and remanded.