**Geraldine Frost WILLIAMS and Robert W. Williams**

v.

**The UNITED STATES.**

**No. 195–66.**

United States Court of Claims.

June 9, 1967.

Jacques T. Schlenger, Baltimore, Md., attorney of record, for plaintiffs. Frederick Steinmann, Theodore W. Hirsh,

Gerald M. Katz, and Robert C. Embry, Jr., Baltimore, Md., of counsel.

E. Alan Moorhouse, Washington, D. C., with whom was Asst. Atty. Gen., Mitchell Rogovin, for defendant. Philip R. Miller, Washington, D. C., of counsel.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON and NICHOLS, Judges.

## ON PLAINTIFFS' AND DEFENDANT'S MOTIONS FOR JUDGMENT ON THE PLEADINGS

LARAMORE, Judge.

Section 2503(b) of the Internal Revenue Code of 1954 exempts from the gift tax the first $3,000 of any gift of a present interest in property made to any person. Subsection (c) permits a gift in trust to a minor donee to be considered a present interest "if the property and the income therefrom—(1) *may be expended* by, or for the benefit of, the donee before his attaining the age of 21 years, and (2) will to the extent not so expended—(A) pass to the donee on his attaining the age of 21 years, and (B) in the event the donee dies before attaining the age of 21 years, be payable to the estate of the donee or as he may appoint under a general power of appointment as defined in section 2514(c)." (Emphasis added.) The regulations state that a gift does not fail to satisfy the "may be expended" requirement of section 2503 (c) (1) simply because a trustee is given discretion to determine the amounts of income or property to be expended for the benefit of the minor and the purpose of such expenditures, "provided there are no substantial restrictions under the terms of the trust instrument on the exercise

of such discretion." Treas.Reg. § 25.-2503–4(b) (1). The sole issue in this case is whether the following clause in a trust substantially restricts the discretion of the trustee so that gifts to the trust cannot be considered present interests under section 2503(c):

If, in the opinion of the Trustee, the said * * * [minor donee] shall be in need of additional funds for his maintenance, education, medical care, support and general welfare, and if the cost and expenses incident thereto are not otherwise adequately provided for, then the Trustee shall have the power to use or apply any of the corpus, accumulated income or current income of the trust estate, even to its exhaustion, for the purpose of meeting such costs and expenses. * * *

■ This provision was used in seven identical trusts created by Geraldine Frost Williams for her seven minor grandchildren during the period from 1957 through 1961. It was intended that those trusts would be so-called "present interest gifts [in trust] for minors"[1] so that all gifts to them would qualify for the $3,000 annual exclusion. Thus, the donor or settlor filed gift tax returns for each of the gift-tax-years and excluded the first $3,000 of each gift. In addition, the donor's husband, Robert W. Williams, filed a return with respect to each gift to take advantage of section 2513's split-gift benefits.[2] This gave them a total exclusion of $6,000 per donee. After auditing the returns, the Internal Revenue Service determined that the gifts were not eligible for the $3,000 annual exclusion because of the allegedly restrictive language in the trusts. It accordingly assessed gift taxes

1. For a general discussion of the estate planning advantages of annual gifts to minors which qualify for the $3,000 annual gift tax exclusion, see Casner, Estate Planning, 243 (3d Ed. 1961).

2. Section 2513 is the gift tax counterpart to the income tax joint return and estate tax marital deduction. §§ 6013(2) (a); 2056. It permits married taxpayers to treat a gift by one spouse to a third par-

ty "as made one-half by him and one-half by his spouse." In the present case, it enabled Mrs. Williams to make a tax-free gift of $6,000 to each grandchild. By consenting to the "gift-splitting" Mr. Williams assumed joint and several liability for any tax which might be assessed. § 2513(d). This makes him a proper party in interest in any claim for refund and explains why he is a plaintiff here.

against both husband and wife, which amounts have been paid and are claimed here.

 Plaintiffs argue that the power given the trustee by the clause in issue is sufficiently broad and unrestricted to meet the "may be expended" requirement of section 2503(c) (1) and the regulations thereunder. They rely on (1) certain cases in which allegedly similar clauses qualified under section 2503(c) (1), Rollman v. United States, 342 F.2d 62, 169 Ct.Cl. 680, (1965); Bernie C. Clinard, 40 T.C. 878 (1963); Carl E. Weller, 38 T.C. 790 (1962); Arlean I. Herr, 35 T.C. 732 (1961), aff'd, 303 F.2d 780 (3d Cir. 1962); (2) a Fifth Circuit case which interpreted *"may be expended"* to mean *"may be expended within the limitations imposed on guardians by state law,"* Ross v. United States, 348 F.2d 577, 579 (5th Cir. 1965)—an interpretation which arguably allows greater restrictions than those in the clause in issue; (3) a textual analysis of the words of the clause, i. e., "maintenance, education, medical care, support and general welfare," to show the very broad discretion of the trustee; and (4) an analysis of the relationship of the condition "if * * * [the minor donee] shall be in need of additional funds" to "if the cost and expenses incident thereto are not otherwise adequately provided for" to show that one adds nothing to the other and that both do no more than define a guardian's duty under state law.

The defendant, of course, responds to all these arguments. With respect to the first numbered argument above, it quite properly points out that the issue now before us was never raised in the cited cases, making it precarious, at best, to infer that the clauses there involved would pass muster under section 2503(c) (1) if directly challenged. With respect to the other arguments, the defendant's position may be reduced to one point, which is that the condition that "the cost and expenses incident thereto are not otherwise adequately provided for" is a "mandatory requirement" and not a mere guideline for trustee discretion.

The nub of the dispute appears to be the language "and if the cost and expenses incident thereto are not otherwise adequately provided for." We think it does not place a substantial restriction on trustee discretion. Had the clause read: "If in the opinion of the Trustee, the * * * [minor donee] shall be in need of additional funds for his maintenance, * * * [etc.] * * * then the Trustee shall have the power to use or apply * * * [income or corpus to meet such costs and expenses]," the annual exclusion would not have been challenged. The reason this hypothetical clause would qualify is that the trustee is given at least as much discretion as a guardian under state law. Before the enactment of the provision allowing the exclusion for gifts to present interest trusts for minors, the Treasury held that unqualified (non-trust) gifts to minors were present interests where state law restricted present enjoyment—e. g., state law might provide that the guardian can spend corpus for the minor's benefit only if the parents cannot provide adequate support. Rev.Rul. 54—400, 1954—38 I.R.B. 13. It would be anomalous to hold trust gifts to a different standard. Thus, in the *Ross* case, the Fifth Circuit held that a gift to a trust, which expressly gave the trustee the same powers as a guardian under the law of the beneficiary's domicile, qualified for the annual exclusion because the trustee's powers were no more restricted than a guardian's, and a gift to a guardian for the minor would have qualified. 348 F.2d, at 579.

Here, the words "and if the cost and expenses incident thereto are not otherwise adequately provided for" add nothing to the phrase "if * * * the * * * [minor donee] shall be in need of additional funds." The trustee is directed to determine whether the beneficiary *needs* additional funds for his maintenance, education, medical support and general welfare, and if the expenses relating to these purposes are not otherwise

*adequately* provided for, he has the power to spend trust corpus and income for them. Giving the words their normal meaning (notably the words "need" and "adequately provided for"), it seems clear that the trustee will not find any *need* of additional funds for the specified purposes if they are otherwise *adequately* provided for. We find no merit in defendant's contention that the "adequately provided for" phrase is a complete bar to the exercise of discretion and not just a factor to be taken into consideration by the trustee in exercising his discretion. That is an unduly rigid construction which completely disregards the sense of the first part of the provision requiring a determination of *need* "in the opinion of the Trustee."

The provision in issue does delimit the trustee's discretion in confining expenditures to "maintenance, education, medical care, support and general welfare." However, these are not substantial restrictions. "Support" is an objective standard defined by state law; "maintenance" is synonymous with "support." These terms, as used in the trust provision, should give the trustee at least as much discretion as a guardian under Maryland law which governs the trusts in issue. The words "education" and "medical care" may expand the trustee's discretion beyond that of a guardian; in any case, they do not restrict it. Finally, "general welfare" appears to give the trustee discretion to make expenditures for items outside the scope of "support." See e. g., Henslee v. Union Planters Bank, 335 U.S. 595, 69 S.Ct. 290, 93 L.Ed. 259 (1949). As we noted earlier, if the restrictions in the trust are no greater than those imposed by state law, the provision qualifies for the exclusion. It should be apparent from the foregoing that the categories of expenditure available to the trustee in the trusts in issue are at least as broad as and probably broader than, those available to a guardian under state law. And, significantly, the trustee does not have to get court orders for each expenditure as a guardian would. In short, the restric-

tions upon trustee discretion here are very likely considerably less than those upon guardian discretion under Maryland law.

In conclusion, we hold that there are no substantial restrictions on trustee discretion in the trusts established by plaintiffs, and that plaintiffs are therefore entitled to annual exclusions under subsections (b) and (c) of section 2503. Plaintiffs' motion for judgment on the pleadings is granted and defendant's cross-motion is denied. Judgment is entered for plaintiffs with the amount of recovery to be determined pursuant to rule 47(c) (2).