JAMES T. PETTUS, JR., ET AL.,[1] PETITIONERS *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT

Dockets Nos. 2496–67—2499–67, 5075–67, 5076–67. Filed January 27, 1970

*Donald E. Fahey* and *William A. Ens,* for the petitioners.
*Charles B. Tetrick,* for the respondent.

[1] Proceedings of the following petitioners are consolidated herewith: Philip K. Crowe,
docket Nos. 2497–67 and 5076–67; Irene Pettus Crowe, docket Nos. 2498–67 and 5075–67;
and June B. Pettus, docket No. 2499–67.

114

## OPINION

Respondent determined that petitioners' gifts in trust to their minor children failed to meet the requirements of sections 2503(b) and 2503(c). The former[4] excludes from taxable gifts the first $3,000 of gifts made during a calendar year by a donor to any person,[5] but provides that the exclusion does not apply to gifts of "future interests in property." That term—defined under the Federal gift tax law, regardless of the local law definition—refers to "any interest or estate, whether vested or contingent, limited to commence in possession or enjoyment at a future date." *United States* v. *Pelzer*, 312 U.S. 399, 403 (1941), quoting S. Rept. No. 665, 72d Cong., 1st Sess., p. 41 (1932); sec. 25.2503–3(a), Gift Tax Regs. "The question is of time, not when title vests, but when enjoyment begins." *Fondren* v. *Commissioner*, 324 U.S. 18, 20 (1945). Section 2503(c),[6] however, provides that no

---

[4] SEC. 2503. TAXABLE GIFTS.

(b) EXCLUSIONS FROM GIFTS.—In the case of gifts (other than gifts of future interests in property) made to any person by the donor during the calendar year 1955 and subsequent calendar years, the first $3,000 of such gifts to such person shall not, for purposes of subsection (a), be included in the total amount of gifts made during such year. Where there has been a transfer to any person of a present interest in property, the possibility that such interest may be diminished by the exercise of a power shall be disregarded in applying this subsection, if no part of such interest will at any time pass to any other person.

[5] In the case of a trust, the donee to whom the exclusion applies is the beneficiary, not the trustee. *Helvering* v. *Hutchings*, 312 U.S. 393 (1941).

[6] SEC. 2503. TAXABLE GIFTS.

(c) TRANSFER FOR THE BENEFIT OF MINOR.—No part of a gift to an individual who has not attained the age of 21 years on the date of such transfer shall be considered a gift of a future interest in property for purposes of subsection (b) if the property and the income therefrom—

(1) may be expended by, or for the benefit of, the donee before his attaining the age of 21 years, and

(2) will to the extent not so expended—

(A) pass to the donee on his attaining the age of 21 years, and

(B) in the event the donee dies before attaining the age of 21 years, be payable to the estate of the donee or as he may appoint under a general power of appointment as defined in section 2514(c).

part of a gift to a minor "shall be considered a gift of a future interest" if, *inter alia,* the property and income therefrom "may be expended by, or for the benefit of, the donee before his attaining the age of 21 years."

Section 25.2503–4(b)(1) of the Gift Tax Regulations [7] states that a transfer will not fail to satisfy the conditions of section 2503(c) merely because the trustee is given discretion to determine the amounts of trust income or property to be expended for the minor and the purpose for which the expenditure is to be made. This regulation contains a proviso, however, that there may be no "substantial restrictions under the terms of the trust instrument on the exercise of such discretion." This proviso forms the battleground for the present controversy. [8]

Petitioners advance three contentions that the proviso is not applicable to the trusts involved here: (1) The language of section 2503(c) is so clear that an interpretative regulation is not permissible; (2) the regulation, as applied to the expediture of the income and principal of a trust, is invalid; and (3) the proviso applies only to powers of appointment under section 2503(c)(2)(B) and not to the powers of a trustee. We disagree.

As to petitioners' first argument, the language of section 2503(c) is imprecise in several respects. For example, the phrase "may be expended" can refer either to a mere grant of power to expend the trust funds or to a probability that the funds will be used by or on behalf of the minor. See *Mueller* v. *United States,* an unreported case (W.D. Mo. 1969, 23 A.F.T.R. 2d 69–1864, 69–1 U.S.T.C. par. 12,592); compare Caplin, "Trusts for Minors," 14th Ann. N.Y.U. Tax Inst. 361, 376 fn. 58 (1956), with Warren & Surrey, Federal Estate and Gift Taxation 671 (1961 ed.). Similarly, the word "benefit" is not clear: does it mean merely a single, specified beneficial purpose, or does it

---

[7] Sec. 25.2503–4 Transfer for the benefit of a minor.

(b) Either a power of appointment exercisable by the donee by will or a power of appointment exercisable by the donee during his lifetime will satisfy the conditions set forth in paragraph (a)(3) of this section. However, if the transfer is to qualify for the exclusion under this section, there must be no restrictions of substance (as distinguished from formal restrictions of the type described in paragraph (g)(4) of § 25.2523(e)–1) by the terms of the instrument of transfer on the exercise of the power by the donee. However, if the minor is given a power of appointment exercisable during lifetime or is given a power of appointment exercisable by will, the fact that under the local law a minor is under a disability to exercise an inter vivos power or to execute a will does not cause the transfer to fail to satisfy the conditions of section 2503(c). Further, a transfer does not fail to satisfy the conditions of section 2503(c) by reason of the mere fact that—

(1) There is left to the discretion of a trustee the determination of the amounts, if any, of the income or property to be expended for the benefit of the minor and the purpose for which the expenditure is to be made, provided there are no substantial restrictions under the terms of the trust instrument on the exercise of such discretion;

[8] Pars. D and E of the present trust instruments, relating to the disposition of the accumulated income and principal in the case of the death of the beneficiary before his attaining the age of 21 years, quite clearly meet the requirements of par. (2) of sec. 2053(c), and respondent does not contend otherwise.

denote a more general purpose which encompasses the overall needs of the donee? These ambiguities make section 2503(c) the kind of statutory provision that may properly be the subject of an interpretative regulation. See *Koshland* v. *Helvering*, 298 U.S. 441, 446 (1936) ; *Brewster* v. *Gage*, 280 U.S. 327, 336 (1930).

Petitioners' second argument—challenging the validity of the regulation—calls forth the observation that "The role of the judiciary in cases of this sort begins and ends with assuring that the Commissioner's regulations fall within his authority to implement the congressional mandate in some reasonable manner." *United States* v. *Correll*, 389 U.S. 299, 307 (1967). Taking this approach, a review of the history and language of section 2503(c) shows that the regulation must be sustained.

At the time the 1954 Code was adopted there existed great confusion as to the means of qualifying a gift to a minor for the annual exclusion without giving him immediate control over the property. S. Rept. No. 1622, to accompany H.R. 8300 (Pub. L. No. 591), 83d Cong., 2d Sess., p. 127 (1954) (hereinafter 1954 S. Rept.). In *Fondren* v. *Commissioner, supra* at 20–21, the Supreme Court had said that "Whatever puts the barrier of a substantial period between the will of the beneficiary or donee *now* to enjoy what has been given him and that enjoyment makes the gift one of a future interest." (Emphasis added.) The result was that gifts to accumulation trusts were generally disqualified. *Id.; Commissioner* v. *Disston*, 325 U.S. 442 (1945) ; *United States* v. *Pelzer, supra.* Similarly, the exclusion was denied where the distribution was subject to contingent needs or events. *George M. Street*, 29 T.C. 428, 431 (1957), affirmed per curiam 261 F. 2d 666 (C.A. 5, 1958) ; see *Fondren* v. *Commissioner, supra* at 24. A gift to a guardian who was already personally obligated to support the minor was regarded as a gift for the minor's future benefit. And a conflict had developed where a gift was made in trust for the benefit of a minor under provisions authorizing him or his legal guardian to terminate the trust at any time. Compare *Stifel* v. *Commissioner*, 197 F.2d 107 (C.A. 2, 1952), affirming 17 T.C. 647 (1951), with *Kieckhefer* v. *Commissioner*, 189 F.2d 118 (C.A. 7, 1951), reversing 15 T.C. 111 (1950), and *Gilmore* v. *Commissioner*, 212 F.2d 520 (C.A. 6, 1954), reversing 20 T.C. 579 (1953) ; cf. *United States* v. *Baker*, 236 F.2d 317 (C.A. 4, 1956) ; Rev. Rul. 59–78, 1959–1 C.B. 690. Thus, in many instances a gift to a minor was classified as a gift of a future interest even though a gift to an adult on the same terms would have been considered a gift of a present interest.

Section 2503(c) was enacted in 1954 to eliminate this confusion. It "partially relaxes the 'future interest' restriction contained in" section 2503(b). H. Rept. No. 1337, to accompany H.R. 8300 (Pub.

L. No. 591), 83d Cong., 2d Sess., p. A322 (1954). It is intended to allow the exclusion for gifts to minors even though the gift is subject to restrictions which are designed to assure prudent management, provided the form stated therein is followed. The section appears to contemplate that the trustee or other person authorized to administer the gift may have discretion from the time the gift is made until the donee reaches 21 years of age to expend the property for the benefit of the minor to the extent that it is needed. The pattern appears to have been taken from the law relating to guardians. Indeed, one court has declared that the words "may be expended" in section 2503(c) mean *"may be expended within the limitations imposed on guardians by state law." Ross* v. *United States,* 348 F. 2d 577, 579 (C.A. 5, 1965).[9] Still another court has sustained a claim to the exclusion, reasoning that the trustee had at least as much discretion as a guardian under the law of the State where the gift was made. *Williams* v. *United States,* 378 F. 2d 693, 696 (Ct.Cl. 1967).

The regulation merely provides that granting discretion to the trustee over the amounts of the trust funds that may be expended and the purpose of those expenditures does not disqualify the gift for the exclusion as long as that discretion is not subject to "substantial restrictions." The imposition of such restrictions on the exercise of the trustee's discretion may have the effect of postponing the "time * * * when enjoyment begins." *Fondren* v. *Commissioner, supra* at 20. We conclude that the regulation—even though the proviso itself requires line drawing—is a permissible interpretation of the statute and must be sustained. *United States* v. *Correll, supra; Commissioner* v. *South Texas Co.,* 333 U.S. 496 (1948).

Petitioners' third argument is that the proviso applies only to powers of appointment under section 2503(c)(2)(B). Although petitioners' interpretation of the regulation is plausible at first blush because of the somewhat confusing structure of subsection (b) thereof, it cannot be adopted. It is true that the first three sentences of the subsection describe the type of power of appointment that will satisfy section 2503(c)(2)(B). But the remainder of the subsection, rather than referring to the donee's power of appointment, instead describes specific situations in which the three conditions set forth in regulations section 25.2503-4(a) will be satisfied. Compare each of the three para-

---

[9] It has been suggested that the *Ross* opinion implicitly repudiates the regulation, in that the Government relied heavily upon it and the opinion does not mention it. Note, "Federal Taxation: Gift to Minor Held a Present Interest Qualifying for Section 2503(c) Gift Tax Exclusion Despite State Laws Restricting Present Enjoyment," 1966 Duke L.J. 578, 585–586. However, we interpret the opinion to hold merely that a gift will qualify for the exclusion if the restrictions placed on a trustee's discretion are no greater than a guardian's statutory restrictions.

graphs of section 25.2503–4(b) with its counterpart in section 25.2503–4(a) of the regulations. Although it would have been clearer had the fourth sentence and its paragraphs been set apart as a separate subsection, the present structure does not require a different interpretation. Furthermore, paragraph (1) of regulations section 25.2503–4(b), which contains the proviso in question, refers to the discretion of a trustee, not the donee, over expenditures of trust funds. Quite clearly, this paragraph of the regulation is an interpretation of the "may be expended by, or for the benefit of, the donee" language of section 2503(c).[10]

This brings us to the question whether the discretion of the trustee of the present trusts is subject to "substantial restrictions"—an application of the regulation to the facts of this case. This issue must be resolved separately for the principal and income components of the trusts; if either portion satisfies the requirements of the proviso, it will qualify for the annual exclusion. *Commissioner* v. *Thebaut*, 361 F. 2d 428, 431 (C.A. 5, 1966); *Rollman* v. *United States*, 342 F. 2d 62, 67 (Ct. Cl. 1965); *Arlean I. Herr*, 35 T.C. 732, 736 (1961), affd. 303 F. 2d 780 (C.A. 3, 1962), acq. 1968–2 C.B. 2; cf. *Fondren* v. *Commissioner*, *supra* at 21.[11]

As to the principal of the Pettus and Crowe trusts, respondent contends that the provision of pargraph C of the trust instruments, quoted in our findings, limiting the trustee's use of the principal to the beneficiary's medical care (i.e., "illness, infirmity or disability, either mental or physical"), represents a "substantial restriction" within the meaning of the proviso. Paragraph C imposes no restrictions as to the *amounts* of the principal that can be expended. However, while not cast in terms of a restriction, the permissible *purposes* for which the principal can be used are limited to the donee's medical care; this is an implied restriction on the trustee's discretion—a much more severe restriction than is generally imposed on guardians. Since there is no evidence that any beneficiary was in special need of medical care when

---

[10] Other courts and a revenue ruling have applied the substantial restriction test to the quoted language. See *Williams* v. *United States*, 378 F. 2d 693 (Ct. Cl. 1967); *Duncan* v. *United States*, 368 F. 2d 98 (C.A. 5, 1966); *Mueller* v. *United States*, an unreported case (W.D. Mo. 1969, 23 A.F.T.R. 2d 69–1864, 69–1 U.S.T.C. par 12,592); Rev. Rul. 67–270, 1967–2 C.B. 349; see also 5 Mertens, Law of Federal Gift & Estate Taxation, sec. 38.20, pp. 521–522 (1959).

[11] Sec. 2503(c) is not exclusive; a gift to a minor which fails to comply with the statutory form still may qualify as a present interest under the more general provisions of sec. 2503(b) and decisional law. Sec. 25.2503–4(c), Gift Tax Regs.; see Caplin, "How to Treat Gifts to Minors," 13th Ann. N.Y.U. Tax Inst. 193, 218 (1955); Warren & Surrey, Federal Estate and Gift Taxation 672, 678 (1961 ed.). However, the gifts involved here do not satisfy the conditions of sec. 2503(b), and petitioners do not argue otherwise, because the present enjoyment of both the income and principal is subject to the discretion of the trustee. See Lowndes & Kramer, Federal Estate and Gift Taxes, sec. 33.7 (2d ed. 1962), and cases cited therein at 711 fn. 56. But compare Caplin, *supra* at 209.

122

the gifts herein were made, there existed at those times only a bare technical possibility that any part of the principal would benefit the donee before he reached age 21. This is not enough, in our view, to prevent the gifts of principal from being classified as future interests. See Warren & Surrey, *supra* at 672.

The provision of paragraph B of the trust instruments, quoted in our findings, authorizing the net income to be "paid to and/or used and applied for the benefit" of the minor beneficiary, clearly meets the requirements of section 2503 (c). See *Arlean I. Herr, supra,* wherein we held that the income interest of a trust qualified for the exclusion, even though the trustee had discretion to accumulate income, since the accumulated income was payable to the beneficiary at age 21 or earlier to his estate if he died. Respondent does not seriously argue to the contrary, but maintains that paragraph B requires the income not currently distributed to be added to the principal, expenditure of which is, as discussed above, subject to a substantial restriction. For this reason, respondent maintains, the income interests do not qualify as present interests.

We do not so read paragraph B. The language of that provision is that "Any income * * * not disbursed as above provided shall at such time or times, respectively, as the Trustee determines be added to and administered as a part of the principal." The timing of any such addition is thus left to the unrestricted discretion of the trustee. The facts are, in substance, analogous to *Duncan* v. *United States,* 368 F. 2d 98 (C.A. 5, 1966), where the trustee was directed to apply "any and all available funds and assets" of the trust toward the payment of premiums due on the life insurance policies comprising the trust corpus. The court reasoned that this direction was not a substantial restriction on the trustee's discretion as to the use of the funds, in that it gave the trustee discretion to determine what funds were "available" for payment of the premiums. Similarly, the trustee here has discretion to determine the timing of any addition of undistributed income to the principal.

Respondent argues, further, that the gifts of income do not qualify in any event for the exclusion because they are not subject to valuation. He contends that the administrative powers given the trustee— to sell the trust property and reinvest the proceeds, to invest in life insurance policies, to borrow money and use the trust assets as security, and, under stated rules, to determine whether receipts will be classified as income or principal—render a determination of the value of the gifts of income impossible.[12] We disagree.

---

[12] Respondent does not argue that the trustee's authority to invade the principal renders the income and principal components incapable of valuation. See the last sentence of sec. 2503(b), added in 1954, which in effect overruled *Sylvia H. Evans,* 17 T.C. 206 (1951), affd. 198 F. 2d 435 (C.A. 3, 1952) ; 1954 S. Rept. at 478 ; *J. J. Newlin,* 31 T.C. 451 (1958).

The method for valuing an income interest for a term of years is the same under section 2503(c) as under 2503(b). *Carl E. Weller*, 38 T.C. 790 (1962). Where a gift is made of income-producing property for a term of years the regulations assign a value computed according to a formula. Here the parties have stipulated the birth date of each of the beneficiaries, thus permitting a calculation of the time span over which the income interests are to be distributable. They have also agreed on the total value of each of the gifts. Employing the actuarial table in section 25.2512–5(f) of the Gift Tax Regulations, the values of the income interests of the gifts to each donee can be computed.

The trustee's powers, in our view, are not so extensive as to disqualify the income interests for the exclusion. Only two of them require mention; the others are similar to standard provisions. The "payment of premiums on life insurance policies is not an expenditure for the future interest of the minor or his estate * * *. It is an expenditure for the present and immediate benefit of the minor, because * * * the trustee may at any time surrender for cash, transfer, cancel or otherwise dispose of any or all of the insurance policies." *Duncan* v. *United States, supra* at 102. As to the power to classify receipts as income or principal, the trust instruments, as detailed in our findings, lay down explicit standards under which the classification is to be made; these standards severely limit the items as to which the trustee may exercise this power. In this respect, the facts are different from *Fischer* v. *Commissioner*, 288 F. 2d 574 (C.A. 3, 1961), affirming a Memorandum Opinion of this Court, and *Van Den Wymelenberg* v. *United States*, 397 F. 2d 443 (C.A. 7, 1968), certiorari denied 393 U.S. 953 (1968), on which respondent relies. Additionally, there is a tendency of the courts to circumscribe the situations in which a trustee's discretion to allocate receipts may properly be exercised. See *Doty* v. *Commissioner*, 148 F. 2d 503, 506–507 (C.A. 1, 1945), affirming 3 T.C. 1013 (1944); *Commissioner* v. *O'Keeffe*, 118 F. 2d 639, 642–643 (C.A. 1, 1941) (trustee's discretion exercisable only where the proper allocation "is a matter of honest doubt"); also see *Raffety* v. *Parker*, 241 F. 2d 594, 608, 610 (C.A. 8, 1957) (appying Missouri law); *American Security & Trust Co.* v. *Frost*, 117 F. 2d 283, 285–286 (C.A.D.C. 1940), certiorari denied 312 U.S. 707 (1941); *Old Colony Trust Co.* v. *Silliman*, 352 Mass. 6, 223 N.E. 2d 504, 507 (1967). The present trustee's limited discretion as to a power granted to facilitate administration of the trusts does not render the income interests incapable of valuation. Cf. *Frances Carroll Brown*, 30 T.C. 831, 837 (1958); Sec. 2503(b).

Nor do we think the additions to the tax under section 6651(a) [13] can be sustained. Section 6019(a) provides that any individual who makes any transfer by gift "except those which under section 2503(b) are not to be included in the total amount of gifts for such year" shall file a gift tax return. Sections 25.2513-1(c) and 25.6019-2 of the Gift Tax Regulations, read together, provide that a gift tax return is required of each spouse for a gift of a future interest in property where the spouses consent to have the gift considered as having been made by each of them. See *True* v. *United States*, 354 F. 2d 323 (Ct. Cl. 1965).

In the instant case the Pettuses signed and filed a single return for each year 1959 through 1963. June did not file a return for these years. Under section 6651(a) the question is whether her failure each year to file a return was due to "reasonable cause." We think it was.

The donors quite obviously intended to qualify the gifts made in trust as gifts of present rather than future interests. They prudently named as their trustee an individual who has made serving as a trustee his profession for almost 20 years. The trustee prepared the gift tax returns for them—they were residing in London at the time—and testified, without any cross-examination on this point, that he consulted a qualified attorney who advised that returns by June were not required because the gifts did not constitute future interests. We think this set of facts discharges petitioners' burden of showing reasonable cause.

We agree with respondent that, in determining the 1963 and 1964 deficiencies of Pettus, the statute of limitations on the assessment and collection of gift tax does not preclude inclusion of the value of gifts made in preceding, barred years in the computation of the correct aggregate sum of prior taxable gifts. Sec. 2504; 1954 S. Rept. at 479; *Commissioner* v. *Disston, supra* at 449.

*Decisions will be entered under Rule 50.*

---

[13] SEC. 6651. FAILURE TO FILE TAX RETURN.

(a) ADDITION TO THE TAX.—In case of failure to file any return required under authority of subchapter A of chapter 61 * * * on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate.