The ILLINOIS NATIONAL BANK OF SPRINGFIELD, Executor of the Estate of Mary Prince Richardson, Deceased, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 89–3271.

United States District Court, C.D. Illinois, Springfield Division.

Feb. 22, 1991.

William S. Hanley, Michael C. Connelly, Springfield, Ill., for plaintiff.

James A. Lewis, Asst. U.S. Atty., Springfield, Ill., Alan Shapiro, Mark A. Winer, U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendant.

OPINION

RICHARD MILLS, District Judge:

Taxpayer suit for tax refund.

Civil action under 28 U.S.C. § 1346(a)(1) for recovery of a denied refund of estate taxes.

This cause is before the Court on competing motions for summary judgment.

Summary judgment for the government.

I. Issue

The basic issue before us is whether the trust funds that the decedent set up for her grand nieces and nephews are subject to a "substantial restriction," as that term is used in treasury regulation 25.2503–4(b)(1), making them non-excludable taxable gifts?

II. Facts [1]

Decedent set up trust accounts for twelve of her grand nieces and nephews. The ages of the beneficiaries of these trusts ranged one month to eight years old. Paragraph 1 of each trust instrument provided:

1. Until termination, the income and principal may be paid to or expended for the benefit of the beneficiary in such amounts as the Trustee deems advisable:

a.) For college preparatory school, college, university, graduate school or technical school education of the beneficiary.

b.) In the event of an accident, illness or disability affecting the beneficiary, or in the event of the death or disability of either or both of the beneficiary's par-

---

**1.** The facts given are derived from the Stipula-   tion of Facts of the parties.

ents, for the care, support, health and education of the beneficiary.

As to educational expenditures hereunder the Trustee shall consult with beneficiary's father, [father's name], or in the event of his death, with his mother, [mother's name].

Each trust account was established with an initial contribution of $10,000. Additional contributions of $10,000 each were made to eleven of the accounts before decedent's death on April 20, 1987.

In its audit of decedent's estate tax returns, the Internal Revenue Service (IRS) determined the twenty-three transfers of $10,000 each were not excludable taxable gifts. As a result, additional taxes and interest were assessed in the amount of $153,826.42. The estate paid the assessed amount and filed a claim for a refund, which the IRS disallowed. The estate then filed suit in this Court for a refund.

### III. Statutes and Regulations

Under § 2001 of the Internal Revenue Code, 26 U.S.C. § 2001, the computation of the estate tax due from a decedent includes the amount of "adjusted taxable gifts" under § 2503.

Section 2503 provides, in relevant part:

**§ 2503. Taxable gifts**

**(a) General definition.**—The term "taxable gifts" means the total amount of all gifts made during the calendar year, less the deduction provided in subchapter C (section 2522 and the following).

**(b) Exclusion from gifts.**—In the case of gifts (other than gifts of future interests in property) made to any person by the donor during the calendar year, the first $10,000 of such gifts to such person shall not [in determining taxable gifts] be included in the total amount of gifts made during such year.

**(c) Transfer for the benefit of minor.** —No part of a gift to an individual who has not attained the age of 21 years on the date of such transfer shall be con-

sidered a gift of a future interest in property for purposes of subsection (b) if the property and the income therefrom—

**(1)** may be expended by, or for the benefit of, the donee before his attaining the age of 21 years, and

**(2)** will to the extent not so expended—

**(A)** pass to the donee on his attaining the age of 21 years, and

**(B)** in the event the donee dies before attaining the age of 21 years, be payable to the estate of the donee or as he may appoint under a general power of appointment as defined in section 2514(c).

Section 2503(c) is parsimoniously interpreted by treasury regulation 25.2503–4(b)(1) [2], which provides:

[A] a transfer does not fail to satisfy the conditions of section 2503(c) by reason of the mere fact that (1) there is left open to the discretion of a trustee the determination of the amounts, if any, of the income or property to be expended for the benefit of the minors and the purposes for which the expenditure is to be made, *provided there are no substantial restrictions* under the terms of the trust instrument of the exercise of such discretion. (Emphasis added.)

### IV. Arguments

Defendant argues that both paragraph 1(a) and 1(b) of the trust instruments impose a "substantial restriction" and that Defendant is therefore entitled to summary judgment. Paragraph 1(a) is argued to be a gift of a future interest because the trusts were established when the beneficiaries were young and their attendance at any of the proscribed schools was many years off and "highly contingent." Similarly, paragraph 1(b) is argued to be a gift of a future interest because the possibility that a parent of any given beneficiary would die or suffer an accident, illness or disability is speculative and highly contingent.

---

**2.** The validity of this regulation, which is not contested in this case, has previously been upheld. *See, e.g., Pettus v. Commissioner,* 54 T.C.

112 (1970); *Craig v. Commissioner,* 30 T.C.M. (CCH) 1098, T.C. Memo 1971–254 (1971).

Plaintiff argues that it is the power to expend trust funds, not the probability of trusts funds being expended that matters. Plaintiff suggests that paragraph 1(b) does not contain a "substantial restriction" because the "disability" of the parent should be interpreted to include financial disability. Plaintiff therefore contends that the trustee in this case has more discretion to expend trust funds for the beneficiary's benefit than a guardian under state law, and that it is therefore entitled to summary judgment.

## V. Summary Judgment

Under Fed.R.Civ.P. 56(c), summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Unquestionably, in determining whether a genuine issue of material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970). Nevertheless, the rule is also well established that the mere existence of some factual dispute will not frustrate an otherwise proper summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986). Thus, the "preliminary question for the judge [is] not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it upon whom the *onus* of proof is imposed." *Id.* at 251, 106 S.Ct. at 2511 (quoting *Improvement Co. v. Munson*, 14 Wall. 442, 448, 20 L.Ed. 867 (1872)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Applying this standard, the Court now turns to the case at bar.

## VI. Analysis

■ Initially, it must be noted that whether an interest in property is one of a present or future interest for federal gift tax purposes hinges on when the donee's possession or enjoyment of the interest commences, and *not*, as in property law, on when the donee's interest or title vests. *Pettus v. Commissioner*, 54 T.C. 112, 117 (1970).

Prior to the enactment of § 2503(c), it was possible to argue that any gift to a minor was a gift of a future interest due to the legal disability of a minor and state guardianship laws. Before the enactment of § 2503(c), the Seventh Circuit held that a gift to a minor or an incompetent that would otherwise be a present interest is not transformed into a future interest by the restrictions and contingencies imposed on such persons by state law. *Kieckhefer v. Commissioner*, 189 F.2d 118, 122 (7th Cir. 1951). Congress substantially adopted this position in 1954 when it enacted § 2503(c).

■ Surprisingly, our research has revealed no opinions in the Seventh Circuit on what constitutes a "substantial restriction" under treasury regulation 25.2503–4(b)(1). Almost all of the opinions addressing the "substantial restriction" issue have based the determination of whether a restriction was substantial on a comparison with the restrictions imposed on a guardian by state law. One opinion explicitly interpreted the "may be extended" language of § 2503(c) to mean "may be expended within the limitations imposed on guardians by state law." *Ross v. United States* 348 F.2d 577, 579 (5th Cir.1965).

Provisions in trust instruments providing that trust funds may be expended "as may be necessary" or if the minor's needs are "not otherwise adequately provided for" have been held not to constitute substantial restrictions because the restrictions imposed on a guardian under state law were at least as great. *See, respectively, Heidrich v. Commissioner*, 55 T.C. 746 (1971); *Williams v. United States*, 378 F.2d 693, 180 Ct.Cl. 417 (1967). Similarly, a trust provision that provided that "no income or principal shall be paid … for support or maintenance which the Settlors … are legally obligated to provide a Beneficiary" did not constitute a "substantial restriction" since the provision merely insured that increased the minor beneficiaries' present interest would be used to "supple-

ment and not duplicate rights already held by the minors" under state law. *Upjohn v. United States*, 72–2 U.S.Tax Cas. (CCH) P12,888, 30 A.F.T.R.2d (P–H) 5918 (1972).

Directives on the use of available funds have been held not to be "substantial restrictions" because the trustee had discretion to determine whether money was "available." For example, in *Duncan v. United States*, 368 F.2d 98 (5th Cir.1966), a directive in the trust agreement that the trustee "apply any and all available funds and assets of this trust toward the payment of any premiums due on life insurance policies ... comprising any portion of this trust corpus" was held not to be a "substantial restriction" since the determination of whether any funds were "available" for this purpose was entirely within the trustee's discretion.

In all of the cases finding no "substantial restriction," the purposes for which the funds could be expended were broad and the controversy surrounded a restriction on expenditures for those broad purposes. For example, in *Duncan v. United States*, 368 F.2d 98 (5th Cir.1966), the trustee was authorized to expend trust funds "for the benefit of" the beneficiary. More typical are authorizations for expending funds for the beneficiary's "education, welfare and support" or "maintenance, education, medical care, support and general welfare." *See, respectively, Heidrich v. Commissioner*, 55 T.C. 746 (1971); *Williams v. United States*, 378 F.2d 693, 180 Ct.Cl. 417 (1967).

In contrast, when the purposes for which trust funds could be expended has been restricted, a "substantial restriction" has been found. In *Pettus v. Commissioner*, 54 T.C. 112, 117 (1970), a "substantial restriction" was found where the trust instrument provided that the principal of each trust could only be expended if the beneficiary needed funds because of "illness infirmity or disability, either mental or physical". A similar restriction providing

that income from a trust could be used only to provide "for accident, illness or other emergency affecting the beneficiary" was held to constitute a "substantial restriction" in *Faber v. United States*, 309 F.Supp. 818 (S.D.Ohio 1969), *aff'd*, 439 F.2d 1189 (6th Cir.1971).

In this case, the purposes for which the any beneficiary's trust funds may be expended are limited to providing for the education of the beneficiary or, "in the event of an accident, illness or disability affecting the beneficiary, or in the event of the death or disability of either or both of the beneficiary's parents, for the care, support, health and education of the beneficiary".

It is apparent from reading paragraph one of the trust instrument that the principal intent of the settlor of these trusts was to provide for the education of the beneficiaries. This specific wish of the settlor would not constitute a "substantial restriction" so long as the trustee still had as much discretion to expend trust funds for beneficiary's benefit as a guardian would have under Illinois law.

Under Illinois law, a guardian has a duty to manage a ward's estate frugally and to expend income and principal of the estate "so far as necessary for the comfort and suitable support and education of the ward, his children [and relatives] who are dependent upon or entitled to support from him" and as the court otherwise determines to be in the best interest of the ward. *Ill. Rev.Stat.* ch. 110½, ¶ 11–13(b).

Although courts have sometimes considered the remoteness of the possibility of a restriction being met to determine that a restriction was substantial[3], the question is more one of power than of likelihood.[4] In this case, the trustee has less power to expend the trust funds for the benefit of the minor beneficiary than would a guardian under state Illinois law. Plaintiff's suggestion that the "disability of either or

---

**3.** *See Pettus v. Commissioner,* 54 T.C. 112 (1970) ("only a bare technical possibility"); *Upjohn v. United States,* 72–2 U.S.Tax Cas. (CCH) P12,888, 30 A.F.T.R. (P–H) 5918 (1972) ("prospect is surely remote").

**4.** *See Mueller v. United States,* 69–1 U.S.Tax Cas. (CCH) P12,592 (1969) ("there is no question of likelihood, only one of power").

both of the beneficiary's parents" includes "financial disability", thus transforming the restrictions in paragraph 1(b) into an authorization to expend funds "as may be needed" or if a parent is killed or physically or mentally disabled, whether or not there is need, is unpersuasive. Plaintiff does not argue that the phrase "disability affecting the beneficiary" which occurs in the same sentence should be interpreted to include financial disability. And there is no indication that the settlor intended "disability" to mean something different in relation to the parents than in relation to the beneficiary or that "disability" was intended to have anything but its commonly understood meaning.

### VII. Conclusion

Because the trustee of these trusts may only expend trust funds for the education of the beneficiary or "in the event of an accident, illness or disability affecting the beneficiary, or in the event of the death or disability of either or both of the beneficiary's parents, for the care, support, health and education of the beneficiary", the trustee has less discretion than under Illinois law.

All twelve trusts in this case are therefore subject to a "substantial restriction."

*Ergo,* Government's motion for summary judgment is ALLOWED; Executor's motion for summary judgment is DENIED.

CASE CLOSED.